## Abraham Liston *et al vs.* J. & G. Jenkins.

January Term, 1867.

1. The intention of a testator is to be sought in construing a will, and when he does not use proper technical words to express his meaning, the court may supply them in order to effectuate his manifest intention, and for such purpose only.

2. Where J. J. devises land for life to his widow and then to his daughter R. and her husband for their lives, and then "said land to fall to their son, J. J. S., and in case of his death the land is—fall, &c.," to others parties: HELD,

> That to effectuate the intention of the testator, the clause should read, "and in case of his death *without issue*," which the Code, ch. 116, sec. 10, interprets to mean "without issue living at his death;" and which perfects in J. J. S. a contingent fee.

At the June term, 1835, of the county court of *Preston* county, the will of *John Jenkins* was proven and admitted to record. It contained the following clause, among others, and which gave rise to this suit:

"Thirdly. The lands which I now live on, exclusive of that which I have bequeathed to my son, *Jonathan Jenkins*, I give and bequeath to *John*, my son-in-law, and *Rebecca Smith*, my daughter, after my wife's decease, fully to be possessed and enjoyed by them during their natural lives, and after their decease, the said land to fall to their son, *John Jenkins Smith*, and in case of his death, the land is — fall to the rest of *John Smith* and *Rebecca Smith's* children."

On the 16th day of March, 1836, *John Smith* and *Rebecca*, his wife, and *John Jenkins Smith* executed a deed to *Jonathan*

*See page 1.

*Jenkins* and *Graham Jenkins*, for a consideration of 300 dollars, for the land devised by *John Jenkins* in the foregoing clause; warranting and defending to the vendees, the title, from any claim by themselves or their heirs, *i. e.* with covenants of special warranty.

*John Jenkins Smith* died in September, 1841, before his grandmother, the widow of the testator, and before his father and mother, *John Smith* and *Rebecca Smith*; *John Smith* having died in April, 1853, and his wife in January, 1845.

*John Jenkins Smith* left three children at his death, who were infants when this suit was brought in 1857.

*John Smith* and *Rebecca* had, beside *John Jenkins Smith*, the following children: *Mary*, intermarried with *Thomas Bright*, *Jonathan Smith*, *Josiah Smith*, *David Smith*, *Levi Smith*, *Martha*, intermarried with *Peter Cupp*, *Cornelius A. Smith* and *Elizabeth*, intermarried with *Abraham Liston*. Some of them died prior to the bringing of this suit, whilst infants, leaving no issue, others after marriage leaving issue; and all who were entitled to inherit from them were made plaintiffs in the action.

An action of ejectment was brought in the circuit court of *Preston*, in February, 1857, by the heirs, and descendants of the children of *John* and *Rebecca Smith*, and a count was included in the declaration making the three children of *John Jenkins Smith* plaintiffs, against *Jonathan Jenkins*, and *Graham Jenkins*, who were in possession of the land under their deed of March, 1836.

At the December special term, 1859, of the court, the parties waived a jury and submitted the case upon a statement of agreed facts, to the court; they agreed the matters heretofore recited, and the additional fact that *John Smith* at the time of his death owned real estate in the county of *Hancock, Indiana*, that descended to his heirs, of the value of 900 dollars exclusive of widow's dower, but his personal estate was not sufficient to pay his debts; that the value of the land in controversy, at the death of *John Smith* was about 900 dollars exclusive of widow's dower.

The court decided that the matters of law arising upon

the facts, was for the defendants and gave judgment accordingly.

The plaintiffs obtained a supersedeas from this court.

*P. H. Keck* and *J. M. Hagans,* for the plaintiffs in error.

*Lamb* and *Paull,* for defendants in error.

BROWN, President.

This is a supersedeas to a judgment of the circuit court of *Preston* county.

The action was ejectment by the plaintiffs in error who claimed as devisees under the will of John Jenkins, against the defendants in error, who held under a deed from John Smith and Rebecca, his wife, and John Jenkins Smith, and Clarissa, his wife, also claiming as devisees under the same will of John Jenkins.

The third clause of which will is as follows, viz. "Thirdly, The lands which I now live on, exclusive of that which I have bequeathed to my son, Jonathan Jenkins, I give and bequeath to John, my son-in-law, and Rebecca Smith, my daughter, after my wife's decease, fully to be possessed and enjoyed by them during their natural lives, and after their decease, the said land to fall to their son, John Jenkins Smith, and in case of his death, the land is — fall to the rest of John Smith and Rebecca Smith's children."

It is manifest from the context that it was the intention of the testator after limiting a life estate in the land, first to his wife; then to his daughter Rebecca and her husband, John Smith, to give the remainder in fee to his grandson, John Jenkins Smith, contingent, however, upon some event, and if the contingency happened, then remainder in fee to the brothers and sisters of the said John Jenkins Smith.

The intention of the testator is to be sought in the will, and where he does not use proper technical words to express his meaning, the court may supply them, in order to effectuate the manifest intention of the testator, and for such purpose only. *Sedden vs. King,* 2 Call, 72. There can be

no doubt of the testator's intention to give the remainder in fee to his grandson and namesake, John Jenkins Smith, contingent, however, as before stated, upon the happening of some event, which is omitted to be stated in the will. And since the maxim of the law is, *ut res magis valeat quam pereat* —that the thing shall rather avail than perish—it becomes the duty of the court, in the language of Judge Roane in the case above mentioned, to supply the technical words to express the testator's meaning, in order to effectuate his manifest intention and for such purpose only. The technical words, "without issue," which the statute (see Code, ch. 116, sec. 10, p. 559,) interprets to mean, "without issue living at his death," being supplied after the word death, in the sentence "in case of his death," perfects in the devizee, a contingent fee and thus effectuates the intention of the testator. So that the clause should read, "And after their decease, the said land to fall to their son, John Jenkins Smith, and in case of his death, without issue living at his death, the land is to fall to the rest of John Smith and Rebecca Smith's children." This view is strengthened by the fact, that it is clear that John Jenkins Smith, the grandson and namesake, was the especial object of the testator's bounty, in preference to the other children of John and Rebecca Smith, to the latter of whom he gave the land in fee, contingent on the failure of the bequest to the former. As, therefore, he gave the children, whom he less preferred, a contingent estate in fee, it cannot be supposed that he intended to give the child and namesake whom he most and first preferred, less than a contingent fee. It would be unreasonable to suppose that the testator intended to deprive the issue of the preferred and especial object of his bounty, of the estate so given, in the event his favorite devizee died, or died leaving issue. But only on the failure of such issue could it be reasonably concluded that the limitation over, to the other children of John and Rebecca Smith, should take effect.

I think, therefore, that upon the death of John Jenkins Smith, leaving issue living at his death, the contingency failed on which the bequest over to the plaintiffs was intended

to depend and did depend, and that they, therefore, took nothing by the said will and so had no title to the land in controversy.

The judgment, therefore, of the circuit court was right and should be affirmed with costs to the defendants in error.

Maxwell, J., concurred.

JUDGMENT AFFIRMED.