# WHEELING.

RUTTER *et al v.* ANDERSON *et al.*

Decided June 12, 1900.

1. WILLS—*Construction—Intent of Testator.*
    The rule which controls all others in the interpretation of wills is that the intention of the testator, to be gathered from the entire will, must govern.  (p. 220).

2. DEVISE TO WIFE—*Power to Sell.*
    A., the owner of a tract of thirty-five and one-fourth acres of land, of very small value, makes the following will: "First, I give and bequeath unto my beloved wife, Lucinda J. Anderson, my farm, of thirty-five and one-fourth acres, on which I now reside, situated in Grant district, Wetzel County, West Virginia, and adjoining the lands of Charles Gilbert and others, to have and to hold the same to her for and during her natural life; or my wife, Lucinda J. Anderson, may sell said farm and live on the proceeds, if necessary; and, second, I give to my wife, Lucinda J., all of my personal property of every kind, including horses, cows, household and kitchen furniture of every kind and description, of my personal property; and, further, my wife, Lucinda J., is to pay my son, J. R. Anderson, all the money that I owe him at this present time, and to pay all of funeral expenses." *Held,* the facts and circumstances of the case make it clear that the intention of the testator was to authorize and empower Lucinda to sell and convey the said land in fee simple if the same should be necessary for her support and maintenance.  (p. 216).

Appeal from Circuit Court, Wetzel County.

Bill by Hannah J. Rutter and others against Lucinda J. An-

derson and others.   Judgment for plaintiffs, and defendants appeal.

                                                *Modified.*

WILEY & KEIFER, for appellants.

McWHORTER, PRESIDENT:

On the 20th day of March, 1894, William H. Anderson, the owner of a tract of thirty-five and one-fourth acres of land in Wetzel County, together with his wife Lucinda J. Anderson, executed a deed of lease of the oil and gas in and upon said land to the South Penn Oil Company, said company to deliver in the pipe line to the credit of lessors, their heirs and assigns, free of cost, the equal one-eighth part of all the oil produced and saved from said premises, and to pay three hundred dollars per year for the gas from each and every gas well drilled on the premises, the product of which should be marketed and used off the premises.   On the 18th day of January, 1895, said W. H. Anderson executed his last will and testament, as follows: "First, I give and bequeath unto my beloved wife, Lucinda J. Anderson, my farm of thirty-five and one-fourth acres, on which I now reside, situated in Grant District, Wetzel County, West Virginia, and adjoining the lands of Charles Gilbert and others, to have and to hold the same to her for and during her natural life; or my wife, Lucinda J. Anderson, may sell said farm and live on the proceeds, if necessary, and second, I give to my wife, Lucinda J., all of my personal property of every kind, including horses, cows, household and kitchen furniture of every kind and description of my personal property; and further, my wife, Lucinda J., is to pay to my son, J. R. Anderson, all the money that I owe him at this present time, and to pay all of funeral expenses."   On the 2d day of March, 1895, in consideration of one dollar paid, said Lucinda J. Anderson conveyed by deed to J. R. Anderson, his heirs and assigns "the one-eighth part of the oil and gas produced and saved" in and under said tract of land, and on condition that the grantee should within six months after a well should be drilled for oil and gas and be properly completed, tubed and tested for oil, at his election either to pay to the grantor the sum of two hundred dollars personally, or to deposit it to her credit in a bank designated, or release and reconvey to the grantor the oil and gas rights so

conveyed. The South Penn Oil Company drilled two wells on said tract, one of which was "dry" and the other a small producer. Hannah J. Rutter and others, heirs at law, of William H. Anderson, deceased, filed their bill in equity in the circuit court of Wetzel County against Lucinda J. Anderson, widow of said decedent, Lavina Anderson, widow of J. R. Anderson, who was one of the heirs at law of said William H. Anderson, Sherman L. Anderson and Clyde Anderson, infant children of said J. R. Anderson, deceased, and Lavina Anderson, South Penn Oil Company, a corporation, and Eureka Pipe Line Company, also a corporation, alleging that under said will the said widow Lucinda J. Anderson took nothing except a life estate in the said tract of thirty-five and one-fourth acres, that the remainder in fee simple is vested in the heirs at law of William H. Anderson, who are entitled to all the royalties arising under the lease to the South Penn Oil Company made by Anderson in his life time, and that Lucinda J. Anderson, the widow and tenant for life, had no right or power to sell or convey the said royalties to said J. R. Anderson, and praying "that said royalties of oil and gas arising by virtue of said contract of lease made by said W. H. Anderson, deceased, and South Penn Oil Company, may be declared to be the absolute property of the heirs at law of said W. H. Anderson, deceased, and that the same may be apportioned and divided among them share and share alike;" and that the South Penn Oil Company be required to disclose and show the amount of oil and gas produced from the premises and the amount of oil run into the pipe lines of the Eureka Pipe Line Company, and that said last mentioned company be inhibited and restrained from delivering and paying over to said Lucinda J. Anderson, or to the estate or the heirs of J. R. Anderson any portion of said royalties; that the same be decreed to be paid over to plaintiffs and others, the heirs at law of said W. H. Anderson, deceased. The defendant Lavina Anderson answered the bill, denying the material allegations thereof, and showing what payments had been made to Lucinda J. Anderson on account of the purchase of said royalties by J. R. Anderson and by herself as administratrix of said J. R. Anderson, and averring that Lucinda J. Anderson had the right to convey the royalties as she did to J. R. Anderson, or to convey the land itself, under the provision of the will if it should be necessary for her maintenance, and that the estate of J. R. Anderson had a right to

collect the royalties. The South Penn Oil Company answered that it had no interest in the royalties, and was willing to deliver the same to whoever might be entitled thereto, that it had been delivering the same to Lucinda J. Anderson, the widow of lessee, who, as respondent supposed, was entitled to the same under the will of her deceased husband. The infant defendants, Sherman L. Anderson and Clyde Anderson by their guardian *ad litem* filed their answer, to all of which general replications were entered, and the bill was taken for confessed as to the other adult defendants.

On the 6th of December, 1897, the cause was referred to a commissioner to ascertain and report what amount of oil had been extracted and taken from the land in controversy, and the value of same when taken and by whom and who had received the royalties thereof, also who were entitled to said royalties, and in what amounts. The depositions of defendant Lavina Anderson and W. H. Showalter were taken and filed in the cause, by which depositions they show that the land in most part was poor and rough, of very little value for agricultural purposes, being steep hillside and cut up by ravines, hollows and gutters, and the soil not very productive, and that the value of the personal property left by W. H. Anderson was about sixty dollars; that the sale of the royalties by Lucinda J. Anderson was necessary for her support and maintenance. The commissioner made his report under the order of reference, reporting that defendant Vina Anderson as administratrix of J. R. Anderson had been receiving the royalties of all the oil taken from said tract of land, and had received up to May 13th, 1897, the sum of one hundred and thirty-six dollars and thirty-six cents for royalties, but was unable to ascertain and report the amount extracted subsequently. On the 2d day of February, 1899, the cause was heard. The court confirmed the said report of the commissioner, there being no exceptions or objections thereto, and ascertained that there had been sold of the royalty oil from said tract amounting to one hundred and thirty-six dollars and thirty-six cents, which had been paid to defendant Vina Anderson, and that there was yet in the pipe line of Eureka Pipe Line Company, up to December 31, 1898, three hundred and sixty-four and sixty-seven-one hundredth barrels of oil from the royalty turned over and delivered to said pipe line company by the South Penn Oil Company under its lease from said W. H. Anderson, which was

the property of said Vina Anderson as administratrix of the estate of J. R. Anderson, and that she was authorized to sell the same as well as the royalty to be produced from said land; that by virtue of the terms of W. H. Anderson's will Lucinda J. Anderson only took a life estate in said tract of thirty-five and one-fourth acres of land, and that the will did and does not empower, authorize or give said Lucinda J. Anderson power to alienate or sell the said land or any part of or interest therein in excess of her life estate, even though such alienation or sale be necessary for her support and maintenance; that the operations, drilling, etc., took place under a lease executed by W. H. Anderson in his life time, and although oil was produced after the death of the said Anderson, said lease was and is a valid lease; that said life tenant or her assignee, J. R. Anderson, was entitled to the whole of said one-eighth royalty of oil and gas from said tract being the production under said lease lawfully produced by virtue thereof, subject, however, to the debts of said W. H. Anderson, deceased; that the royalty deed executed by Lucinda J. Andrson to said J. R. Anderson dated March 2d, 1895, filed with complainant's bill as exhibit "C," conveyed to J. R. Anderson the one-eighth of all the oil and gas produced from said tract, is a valid and subsisting royalty deed, and that Lucinda had the right, authority and title to make said royalty deed, and directed the Eureka Pipe Line Company to deliver and place to the credit of Vina Anderson, administratrix of the estate of J. R. Anderson, deceased, one-eighth of all the oil and gas produced and saved from said tract except such oil as was theretofore produced and sold therefrom, and that plaintiffs were not entitled to the relief prayed for in their bill, and refused to grant relief, but let the bill stand, and gave deefndants judgment for their costs and awarded them execution therefor. The defendant Vina Anderson, widow of J. R. Anderson, and as his aministratrix, appealed, assigning as error, first, in referring the cause to a commissioner to ascertain and report what amount of oil had been extracted from said land, etc. Whatever was the effect of the will of W. H. Anderson, whether it vested in Lucinda J. Anderson the title to said land in fee, or only a life estate, she was entitled to the whole of the royalties under the lease executed in the life time of the testator by virtue of the will, and was competent to sell and convy her interest, and she or her assignee or vendee was entitled to the same.

"The tenant of an estate for life, unless restrained by covenant or agreement has a right to the full enjoyment and use of the land and all its profits during his estate therein, including mines of oil or gas open when his life estate begins, or lawfully opened and worked during the existence of such estate." *Koen* v. *Bartlett,* 41 W. Va. 560, (syl. pt. 2). The devisee under the will or her grantee being entitled to the whole of the royalties was not required to account for same, so there should not have been an order of reference for that purpose. The plaintiffs had no interest therein. Second, that the court erred in decreeing that Lucinda only took a life estate in said tract of land, and that she could not alienate said land or any part of or interest therein beyond her said life estate, even though such alienation be necessary for her support and maintenance. "The rule which controls all others in the interpretation of wills is, that the intention of the testator, to be gathered from the entire will, must govern." *Boyd* v. *Strahan,* 36 Ills. 355; *Houser* v. *Ruffner,* 18 W. Va. 244; *Pue* v. *Pue,* 1st Md. Chy. De. 382; *Purden* v. *Purden,* 14 O. 251; *Smith* v. *Bell,* 6 Pet. 68. W. H. Anderson was old, "up in the seventies" and his wife a little younger, but rapidly approaching old age when she would no longer be able to battle with the world, and having no property in her own right to rely on, while they together had managed to get this little farm of thirty-five and one-fourth acres of rough hillside land, of thin soil, cut up with ravines and gutters, worth but little if any more than ten dollars per acre. Very naturally the first care and greatest solicitude on the part of the old man in making his will was to provide as far as his little property woull do so, for his widow in her declining years. Indeed judging from the language of the will he had no other object in view, as he made no provision as to remainder, and made no residuary clause, his whole purpose and intent was to provide for her. Knowing that his estate would be liable for his debts, having given all his personal property to his wife, which the record shows amounted to sixty dollars to seventy-five dollars, he charged her with the payment of his debts, and the payment of his funeral expenses. The only debt he owed it seemed was to his son J. R. Anderson. Being fully aware of the producing capacity of the farm, no oil development having then been made thereon, the testator knew it was at least very doubtful whether his widow could pay the debt and expenses required by the will to be paid, and support

herself from it, hence he did not intend to confine her to a life estate therein, but clearly intended to and did give her the power to sell and convey any such portion thereof or the whole of it if it should be necessary for her maintenance and support; the language of the will in the light of all the facts in the case clearly indicates this. The second or added clause in the first clause of the will referring to the real property, giving it "to her for and during her natural life" "or, my wife, Lucinda J. Anderson, may sell said farm and live on the proceeds, if necessary," beyond all question intended, in case the use of the property did not furnish the necessary support to fully empower her to sell and convey in fee simple the said farm in order to provide such support, and it should be so construed. *Liston* v. *Jenkins,* 2 W. Va. 62; *Myers* v. *Edwards,* 13 W. Va. 822; *John* v. *Barnes,* 21 W. Va. 498. "When two clauses are irreconcilably repugnant, in a deed the first and in a will the last prevails." 2 Minor's Inst. (4 Ed.) 1059; *Blair* v. *Muse,* 83 Va. 238. That the product of the soil would not furnish the necessary support is proven, and in no way questioned. It is assigned as error that it was decreed that plaintiffs were not entitled to the relief prayed for, and giving defendants judgment for costs, and "then allowing the said bill to stand and continue the said cause." I fail to see the object in retaining the bill, as its only purpose was to set aside the deed from Lucinda Anderson to J. R. Anderson for the royalties, and to have the said royalties divided among the heirs of W. H. Anderson, deceased, plaintiffs having utterly failed to show themselves entitled to any relief whatever, or that they have any interest except that which is contingent upon the death of Lucinda J. Anderson leaving the tract of land undisposed of under the power given her by the will of W. H. Anderson.

The decree entered on the 2d day of February, 1899, is affirmed in so far as it decrees the deed from Lucinda J. Anderson to J. R. Anderson, conveying the royalties, to be a good and valid royalty deed, and refuses to grant the relief to the plaintiffs prayed for in their bill, and entering judgment in favor of defendants for their costs, and in all other respects, the said decree is reversed and annulled, and plaintiffs' bill dismissed.

BRANNON, JUDGE:

I think the power to sell and consume proceeds of the land given by the will passed a fee, as stated in *Wilmoth case* in 34 W. Va.

*Modified.*