DILLARD

*v.*

DILLARD'S EX'RS *et al.*

(*Supreme Court of Appeals of Virginia, April 4, 1895.*)

[21 S. E. Rep. 669.]

### Married Women—Control of Separate Estate.

A married woman, as to property settled to her use, is to be regarded as a feme sole, and has a right to dispose of all her separate personal property, and the rents and profits of her separate real property, in the same manner as if she were unmarried, unless her power of alienation is restrained by the instrument creating the separate estate ; and, when absolute dominion is given her over her separate property, it vests in her the absolute estate.

### Same—Real Estate—Jus Disponendi—Statutes.*

A woman had no power to dispose of her separate real estate acquired prior to January 1, 1850, unless the deed or instrument creating the same confers such power ; but by Code 1849, c. 122, § 3, and Code 1887, § 2513, she is given power to dispose of her separate property by will.

### Same—Same—Same.

If a married woman is given power to dispose of her property in fee or for a less estate, she has absolute ownership thereof, and may delegate to trustees the power to appoint one of two classes who shall hold the fee.

### Trustees—Discretionary Powers—Power of Court of Chancery to Control.

A court of chancery cannot control trustees in the exercise of a discretionary power reposed in them, nor compel them to exercise such discretion.

### Continuances—Asking Further Time.

Where the record fails to show that complainant asked for further time to prepare his case, there can be no error charged to a failure to grant further time.

---

*See foot-note to Penn *v.* Whitehead, 17 Gratt. 503 (Va. Rep. Anno.).

Appeal from circuit court, Nelson county; D. A. Grimsby, Judge.

Action by J. T. Dillard against the executors of N. E. Dillard and others. Decree for defendants, and complainant appeals. Affirmed.

*F. P. Fitzpatrick*, for appellant.

*Caskie & Coleman* and *J. Thompson Brown*, for appellees.

BUCHANAN, J., delivered the opinion of the court.

This is an appeal from a decree of the circuit court of Nelson county rendered in the cause of J. T. Dillard against the executors of N. E. Dillard and others, in which the complainant in that court is the appellant here.

The object of the suit, the proceedings had, and the reasons of the court for rendering the decree complained of are so clearly stated in the written opinion of the circuit judge filed in the cause, and printed in the record, that we will adopt that opinion, so far as it discusses the questions raised by this appeal, as our opinion. It is as follows:

"The primary object of the bill of the plaintiff is to obtain from the court a construction of the will of Narcissa E. Dillard, and to have the alleged devise to John Dillard stripped of all restrictions thrown around it by the testatrix, and of the discretionary power in regard to the subject-matter vested in the trustee by the will; and, secondly, in the event that the construction placed upon the will by the court should be adverse to the pretensions of the complainant, then the plaintiff asks for an account of personal property, and of the rents and profits of the real estate which passed to trustees for Mrs. Dillard for life, and, after death, to her children under the deed of 1830, and also an account of the profits of John Turner's estate, from his death, in 1872, to the death of his mother, in

1877, both of which, it is alleged, were appropriated by Mrs. Dillard or her acting trustee, her husband, and were used to augment the estate disposed of by will, and as to plaintiff's share of which he claims and asks to be regarded as a creditor of her estate; and the bill also embraces a third object, to wit, the specific execution of an alleged understanding and agreement between his father and mother and himself, to be remunerated for his interest in the Amherst estate, conveyed in 1860. * * * So far as the estate of John Turner is concerned, the court holds that, under the will of his father, Narcissa E. Dillard had a mere naked power of appointment, not coupled with any interest; and that upon the death of John Turner, in 1872, the estate passed to the children of N. E. D. as tenants in common, and that they were entitled to the rents, issues, and profits thereof, until their interest in the estate was divested by the exercise of the power of appointment; and if, as alleged in the bill, N. E. D. in her lifetime, from the death of John to her own death, appropriated the rents to her own use, she would be responsible therefor ; but, as her executors rely on and have pleaded the statute of limitations to this demand, it is a complete and effectual defense to any recovery therein.

"The plaintiff alleges an understanding and agreement with his mother and father (her acting trustee), in consideration of his uniting in the deed of the Amherst property to his brother Terisha, to compensate him therefor by a suitable provision. This is, however, denied by the answer of the defendants, and there is no proof in the cause of such an agreement; in fact, what the agreement or understanding, if any, is, is not set out with any degree of certainty or definiteness. But, even if it were so, the court is further of opinion that the statute of a parol agreement, as well as the laches and delay of the plaintiff in asserting his rights, and the vagueness and uncertainty of the understanding, is a complete bar to any recovery on this question.

"This brings us, then, to the main question in the case, viz.

the true construction of the wills of Terisha Turner and of Narcissa E. Dillard.    The first question is, what estate or interest did Mrs. Dillard take under the will of her father,—whether a life estate, with a power of appointment, or a fee-simple or absolute estate, with an unlimited power to devise? for, whether the estate be one for life or in fee, the disability of coverture attaches, unless that disability is relieved by the deed or will creating the estate.    I think the rule in Virginia is that a married woman, as to property settled to her use, is to be regarded as a feme sole, and has a right to dispose of all her separate personal property, and the rents and profits of her separate real estate, in the same manner as if she were a feme sole, unless her power of alienation is restrained by the instrument creating the separate estate (Burnett v. Hawpe, 25 Grat. 481); and, when absolute dominion is given the feme over the separate property, that being the highest evidence of absolute property, it necessarily vests in her the absolute estate (Justis v. English, 30 Grat. 571).    But, as to her separate real estate, she has no power to dispose of the same, unless the deed or instrument creating the same confers such power on her.    West v. West, 3 Rand. (Va.) 373, where the will took effect prior to July 1, 1850.    Code 1849, c. 122, § 3 ; Code 1887, § 2513.

"By the ninth clause of the will of Turner, the property, real and personal (omitting unnecessary verbiage), is devised to trustees for the separate use and benefit of his daughter, N. E.    This, of itself, would give her the right to charge and the right to bequeath the personal estate, and the rents, issues, and profits of the real estate, there being no words of restriction upon such power, but not to devise the real estate.    But the testator goes further than this, and expressly authorizes his daughter, at any time, by deed or will, attested in the manner indicated, to appoint the persons or person to take the property in fee or for any less estate, as if she were a feme sole, and in the limitation over it is only of that which is unused or unappropriated by her.    So that there are not only the incidents to

an ordinary separate estate without restriction, but an absolute power, at any time, to dispose of any portion by deed or will, as if she were a feme sole, and a limitation over only of that which was unused. So that I think there was such absolute dominion over said property given the feme as is only consistent with an estate in fee or in absolute property.

"But considering that she took an estate in fee, as the incapacity of coverture existed, the question still arises whether or not she can execute the power, except in the manner indicated in the instrument, and only to the extent of the power. In other words, having been given the power to dispose of the property in fee or for a less estate, can she, in the execution of that power, delegate to trustees the power to indicate one of two classes who should hold the fee? Ordinarily this cannot be done, on the principle of delegatus non delegare. 2 Lomax, Dig. p. 172.

"But it has also been held that when the power is equivalent to absolute ownership, and does not involve any personal confidence, it may be executed by an attorney in the same manner as a conveyance in fee simple. In like manner, when an estate is limited to such uses as A. may appoint, the power is equivalent to an estate in fee simple, and he may limit it to such uses as B. may appoint. It is merely a species of ownership, and no delegation of personal confidence. Id. 173. Hence I conclude that such power, use, dominion, and control is given by the will of Turner over the estate devised to the devisee, as is equivalent to a fee simple, and she may delegate to another the power of disposing of it, as though she were sui juris and owner of the fee.

"I also conclude that it is not within the power of a court of chancery to control the trustees in the exercise of a discretionary power reposed in them by the testator, nor to compel them to exercise such discretion. It is perhaps true that, if such discretion were exercised from fraudulent or improper motives, a court of equity might interfere, but in such cases it must be so

alleged in the bill and sustained by the proofs.  It is not so alleged in the case at bar.  A state of facts is set out, from which it is feared that the discretion may be exercised to the prejudice of the rights of the complainant ; but the defendants, in their answer, insist that they are not responsible for the existing state of feeling between the parties, and repudiate the idea that it will affect their action.

"I cannot see in the present condition of affairs that the plaintiff is entitled to the relief asked for, and the bill will have to be dismissed.  An interesting question may arise hereafter, resulting from the death of one of the trustees, and that is whether or not the surviving trustee can exercise the discretion vested in them by the will, and, if not, what becomes of the devise.  But, under the present state of pleadings, it would not be proper to pass upon any such question until it arises."

That opinion disposes of all the questions arising in the appeal, except the assignment of error that, when the court determined that the complainant took nothing under the will of Mrs. Narcissa E. Dillard, it ought to have given him time to have shown what he was entitled to out of the profits of the John Turner estate, etc., under the will of Terisha Turner, as he only made a claim to an interest in the profits of that estate in the event the court held that he took nothing under his mother's will.

A reasonable time within which to prepare his case upon this point ought to have been given him if it had been asked for at the proper time.  But the decree recites that "this cause, which has been regularly matured and set for hearing at the rules upon the bill of the complainant taken for confessed, upon proper process duly executed as to all the defendants, came on this day to be heard upon the bill and exhibits therewith, the demurrer and answer of William S. Dillard, Stephen T. Dillard, and John C. Monday, trustees, under the will of N. E. Dillard, and upon the demurrer and answer of William S. Dillard in his own right and as executor of N. E. Dillard, which said demurrers and answers were heretofore filed by the leave of the court,

and was argued by counsel." From this it is clear that the cause was submitted, not upon one branch, but upon the whole case, and there is nothing in the record to show that the complainant then, or at any other time, asked, or even intimated, that he desired further time to prepare his case. The manner in which the cause was submitted, and his failure to ask for further time to prepare his case for trial, show that this assignment of error ought also to be overruled.

I am of opinion, therefore, that there is no error in the decree complained of, and that it should be affirmed.