AIKEN *et al.*

*v.*

CONNELLEY *et al.*

(*Supreme Court of Appeals of Virginia, April 29, 1896.*)

[24 S. E. Rep. 909.]

**Failure to Move for Continuance—Effect.**

It is not error to proceed with a hearing where no motion is made nor cause shown for a continuance.

**Equity Practice—Joint Defendants—Dismission—Case at Bar.**

Where a bill is filed against joint defendants, and is taken for confessed against one or more of them for want of appearance, and one or more of the other defendants appear, make defense, and disprove complainant's case, the bill should be dismissed as to all defendants.

Appeal from circuit court, Fairfax county.

Bill by Mary J. Aiken and others against Margaret Connelley and others for partition. From a decree dismissing the bill, complainants appeal. Affirmed.

*John Critcher,* for appellants.

*Moore & Keith,* for appellees.

BUCHANAN, J., delivered the opinion of the court.

The appellants insist that the circuit court erred in not continuing the case when it was heard and the bill dismissed. The ground upon which they base this contention is that only one of the three defendants to the bill had appeared and answered ;

that the bill was taken for confessed as to the other defendants ; that no testimony had been taken to establish the allegations of the bill ; and that a rule prevailed in the circuit court of that circuit not to try a case at the first term after it was brought, in the absence of counsel, unless both parties consented.

There is no evidence that there was any such rule of court as is relied on. It does not appear that counsel was absent. The record shows no motion for a continuance. The court did not err in hearing the case, since no motion was made nor cause shown for continuance. Dillard v. Dillard's Ex'rs (Va.) 21 S. E. 669–671.

Upon the merits the injunction ought to have been dissolved and the bill dismissed. It is true that only one of the defendants had appeared and answered.

But her defense was not personal to herself, but common to all the defendants. They were jointly interested in the subject of litigation.

Where a bill is filed against two or more defendants jointly interested, and is taken for confessed against one or more of them for want of appearance, and one or more of the other defendants appear, make defense, and disprove the complainant's case, the bill should be dismissed as to all the defendants. This is well settled. Cartigne v. Raymond, 4 Leigh, 579 ; Payne v. Graves, 5 Leigh, 579 ; Ashby v. Bell, 80 Va. 811 ; Terry v. Fontaine's Adm'r, 83 Va. 451, 458, 2 S. E. 743.

The answer of the defendant who did appear was under oath, responsive to the allegations of the bill, denied that the appellants had title to or any interest in the land they sought to have partitioned, alleged that she and her co-defendants were the owners of the property, and filed as exhibits with her answer copies of their title papers. There was no proof whatever to sustain the complainants' claim.

The decree of the court appealed from must be affirmed.