WILLIAM E. BARBOUR *vs.* MATTHEW J. CUMMINGS, Trustee.

PROVIDENCE—JUNE 6, 1904.

PRESENT: Tillinghast, Douglas, and Blodgett, JJ.

(1) *Trusts. Accounting.*

Where by the terms of a trust, the trustee is required to pay over the income "at such times and in such amounts as may according to the judgment and discretion of the trustee seem best," although the trustee is not in the fullest sense accountable to the beneficiary, yet the latter has such an interest in the fund as to entitle him to an account of what it consists of and what income it is producing, and a bill for an accounting may be supported on such ground.

BILL IN EQUITY for an accounting. Heard on demurrer to bill, and demurrer sustained on certain grounds and overruled on others.

(1)    PER CURIAM. The bill sets out no claim which the complainant has upon the respondent, unless it may be a right to be informed of the amount and particulars of the investment of the fund. The respondent, by the terms of the trust, is not in the fullest sense accountable to the complainant, for he is only required to pay him the income "at such times and in such amounts as may according to the judgment and discretion of the trustee seem best." But we think the complainant has such an interest in the fund as to entitle him to an account of what it consists of and what income it is producing. The

discretion of the trustee is not an entirely arbitrary one, but if abused would be corrected by a court of equity. Hence we think the bill may be supported as asking for such an account.

The demurrer to the other prayers of the bill is sustained.

*Dubois & Dubois*, for complainant.

*John P. Beagan*, for respondent.