# Richmond

PENNINGTON GAP BANK, INC. v. JOHN T. SHULER AND OLA SHULER.

November 16, 1933.

Present, Campbell, C. J., and Holt, Epes, Hudgins, Gregory and Browning, JJ.

The opinion states the case.

*Earl C. Laningham* and *Pennington & Pennington,* for the appellant.

*Lloyd M. Robinette,* for the appellees.

BROWNING, J., delivered the opinion of the court.

The Pennington Gap Bank, Inc., instituted a suit in chancery against John T. Shuler and Ola Shuler in the Circuit Court of Lee county, Virginia, on the 5th day of August, 1932, and process issued returnable to first September rules, 1932, which fell on the 5th day of September, 1932. The regular term of the court convened on the 12th day of September, 1932. The defendants did not appear, plead or answer at either the first or second September rules, and the clerk of the court at the latter rules enterd a decree *pro confesso* against the defendants. On September 30, 1932, the defendants appeared by counsel, the court being then in session, at its regular session, and obtained leave to file their joint and separate answer to the bill of complainant, which was done on that date.

The bank, which was a creditor of John T. Shuler, alleged Shuler's indebtedness and charged in its bill that he conveyed to his daughter-in-law, the defendant Ola Shuler, certain real estate; that the conveyance was voluntary and was made to hinder, delay and defraud his creditors, and especially the bank; and prayed that the said deed might be set aside as fraudulent and void and for other appropriate relief.

The answer of the defendants fully and completely denied the material allegations of the bill and affirmed the good faith of the respondents in the transaction, alleging that the conveyance had been made for a good, valuable and adequate consideration. The indebtedness of John T. Shuler to the bank, however, was admitted.

On October 1, 1932, the bank's attorneys appeared and

asked for a hearing of the said cause and for a decree effecting the prayer of the bill. The court took the case under advisement and at its November term, 1932, the bank, by its attorneys, again moved the court for a decree and submitted to it the cause, upon the bill taken for confessed and the answer of the defendants, for its determination, electing not to submit any proof of the allegations of the bill.

The court, by its decree, set aside the decree *pro confesso* entered by the clerk at rules and dismissed the bill for lack of proof and ordered that the case be stricken from the docket.

The sole questions of law for our concern are whether the court had the right and power to set aside the decree *pro confesso* after it had granted leave to the defendants to file their answer and the same had been filed, and whether it had the power to dismiss the bill for want of proof.

Three sections of the Code of Virginia are involved. Section 6131 confers mandatory authority upon the clerk of the court to enter a *pro confesso* decree at the next rule day after the decree *nisi* had been taken, if the defendant be in default of a plea in the first instance and so continue in the second instance.

Section 6122 (as amended by Acts 1930, ch. 237) provides for the right of a defendant in equity to file an answer or other defense within ninety days from the date of the service of process with certain modifications.

Section 6140 gives to the court control over all proceedings in the office (clerk's) during the preceding vacation. It provides that the court may reinstate any cause discontinued, set aside any of the proceedings, correct any mistake therein and make such order concerning the same as may be just.

These statutes must all be read and considered together. To our minds they present an harmonious structure. The right to file an answer within the statutory limitation is given. This right would be in vain if its effect were ren-

dered nugatory by a previous clerk's decree *pro confesso,* which the court had set aside. As we see it, a court of equity has the inherent power to so decree, and section 6140 gives it the express statutory authority so to do. If this were not so, a defendant with a perfectly good and complete defense would be precluded from invoking it simply because he had failed to answer or plead during the rules, although he very promptly, by leave of court, filed his answer putting in issue the bill in its entirety, long before the expiration of his statutory right to file his answer. It would be against equity and good conscience and calculated to cause a miscarriage of justice.

The decree of the court is in harmony with the equity practice and procedure from time out of mind, and a reasonable construction of the statutes entirely justifies it.

The case of *Thomson* v. *Wooster,* 114 U. S. 104, 5 S. Ct. 788, 789, 29 L. Ed. 105, is relied upon by the bank to sustain its contention as to the effect of taking a bill for confessed. We do not think the case is controlling here. We have no criticism of its holding. The rules of procedure in the Federal courts are very dissimilar from ours. In the former a rule is given to answer within a certain time and if the defendant defaults in this a decree *pro confesso* is entered, which is made absolute by a rule of the Federal courts by specific enactment.

In the statement of facts appearing just ahead of the opinion we find the following: "The defendants appeared to the suit by their solicitor, May 3, 1879, but neglected to file any answer, or to make any defense to the bill, and a rule that the bill be taken *pro confesso* was entered in regular course June 10, 1879. Thereupon, on the 2nd of August, 1879, after due notice and hearing, the court made a decree to the following effect, etc."

The court then decreed on the merits of the case and referred the cause to a master on the questions of profits and damages. The case involved the alleged infringement of patent rights.

In Barton's Chancery Practice, vol. 1 (3rd Ed.), p.

443, it is said: "During the term at which a decree by default is entered, it is completely under the control of the court and may be modified or annulled on motion or at the suggestion of the court without motion; * * *."

*Idem.*, page 373: "Where two or more defendants have similar or joint interests and one of them answers, but the other does not, and the case is not made out against the defendant who thus answers, the plaintiff cannot succeed and the bill must be dismissed as to all of the defendants. Such is also the case when the answer of the defendant goes to the whole bill, even where the bill has been taken for confessed, and a defendant subsequently appears and disproves the complainant's case." See, also, *Buford, et al.* v. *North Roanoke Land and Improvement Co.*, 90 Va. 418, 18 S. E. 914; *Aiken* v. *Connelley*, 2 Va. Dec. 383, 24 S. E. 909; *Ashby* v. *Bell*, 80 Va. 811.

We find no error in the rulings and decree of the trial court, and accordingly it is affirmed.

*Affirmed.*