NATIONSBANK OF VIRGINIA, N.A.

V.

ESTATE OF ANN L. GRANDY, INCAPACITATED

Record No. 931745

November 4, 1994

*Robert W. McFarland (Jerry L. Bowman; E. Duncan Getchell, Jr.; Charles G. Meyer, III; McGuire, Woods, Battle & Boothe*, on briefs), for appellant.

*Judith L. Rosenblatt (Geroe & Rosenblatt*, on brief), for appellee.

JUSTICE LACY delivered the opinion of the Court.

In this case, we consider whether the trial court improperly substituted its judgment for that of a testamentary trustee by ordering the invasion of trust principal to satisfy the debts of an incapacitated beneficiary with substantial personal assets.

Ann Lawrence Grandy, age 59, suffers from a chronic paranoid schizophrenic illness. Through a court order entered in February 1993, a guardian for Ms. Grandy's estate and a guardian of her

person were appointed. Prior to these appointments, Ms. Grandy managed her own finances. A guardian ad litem was also appointed to represent Ms. Grandy.

Ms. Grandy has two primary sources of income from which her personal expenses are paid. The first source is a personal investment account managed by the brokerage firm of Lazard Freres & Company that earns substantial annual income. On July 31, 1993, this account had a principal balance of approximately $700,000.

In addition, Ms. Grandy is the beneficiary of one of several testamentary trusts established by her father, W. Selden Grandy. The will named Charles R. Grandy, Ms. Grandy's brother, and NationsBank of Virginia, N.A., as co-trustees of this trust. The terms of the trust require that all of the net income from the trust be distributed to, or for the benefit of, Ms. Grandy. The trust instrument further provides that the trustees, in their discretion, may distribute principal to or for the benefit of Ms. Grandy. On June 30, 1993, the trust had a principal balance of approximately $890,000.

Upon the death of Ms. Grandy, the trust is to terminate and the remainder is to be distributed to Ms. Grandy's issue, if any, and, if none, to Charles R. Grandy, if living, and if not, to his issue. Ms. Grandy has no issue; her brother has two children, Chamie Grandy Valentine and Christina S. Grandy.

From February 4, 1992 through June 1, 1993, the trustees made discretionary distributions of approximately $73,000 in trust principal to Ms. Grandy. These distributions represent payments for medical and other expenses incurred by Ms. Grandy which she refused to pay from other available assets. After the appointment of the guardian of her estate, the trustees declined to distribute any additional principal because, in their judgment, substantial personal assets were available to meet Ms. Grandy's needs.

In June 1993, the guardian of Ms. Grandy's estate filed a motion requesting guidance from the trial court concerning the payment of medical and hospital expenses incurred by Ms. Grandy and seeking the cooperation of the trustees in meeting these expenses. The guardian ad litem filed a motion in support of the invasion of the trust and NationsBank filed a motion in opposition. After a hearing, at which Ms. Grandy's mother, Charles R. Grandy, Chamie Grandy Valentine, and the guardian ad litem were present, the trial court ordered that any expenses not met through Ms. Grandy's cash on hand or income earnings should

first be paid from the trust principal and then from the investment account principal.

NationsBank presents two assignments of error on appeal: (1) that the trial court erred in not joining all necessary parties to the action, and (2) that the trial court erred in not requiring that the investment account assets be used prior to the invasion of trust principal.

■ NationsBank argues that the "contingent beneficiaries and the vested remainder beneficiaries" of the trust were necessary parties to insure that all interests were represented before the trial court. Under the terms of the trust, however, all potential takers were merely contingent beneficiaries. To qualify as a vested remainder, an interest must be created in ascertained persons, be certain to become possessory, and not be subject to defeat or divestment. *Mott v. National Bank of Commerce*, 190 Va. 1006, 1010-11, 59 S.E.2d 97, 100 (1950). Although Charles R. Grandy and his issue are alive and are potential takers, their interests can be defeated by any future issue of Ms. Grandy. Thus, they are merely contingent beneficiaries without vested interests or rights greater than Ms. Grandy's potential issue.

■ As a general rule, the interest of a contingent beneficiary can be represented by another contingent beneficiary under the doctrine of "virtual representation" where their interests are sufficiently similar to insure adequate representation. *Copland's Ex'ors v. Copland*, 146 Va. 33, 40, 135 S.E. 707, 709 (1926). In this case, Charles R. Grandy, his living and potential issue, and the unborn issue of Ms. Grandy, all share similar interests in the residue of the trust upon Ms. Grandy's death. As a result, the interests of Ms. Grandy's or her brother's unborn issue were adequately represented by Charles R. Grandy and Chamie Grandy Valentine. Furthermore, the interests of the potential beneficiaries are too remote to require the joinder of those potential beneficiaries as necessary parties. *New's Ex'x v. Bass, Brown & Co.*, 92 Va. 383, 390, 23 S.E. 747, 749 (1895); *Fitzgibbon v. Barry*, 78 Va. 755, 764 (1884).

NationsBank next argues that the trial court impermissibly substituted its judgment for that of the trustees when it ordered the invasion of trust principal prior to the expenditure of investment account principal. Resolution of this dispute hinges on the intent of the testator, W. Selden Grandy, as reflected in the trust instrument.

Whether a beneficiary is entitled to support from the trust if other resources are available is a question of trust interpretation. *Smith v. Gillikin*, 201 Va. 149, 153-54, 109 S.E.2d 121, 124 (1959). In reaching the correct interpretation, the intent of the testator in establishing the trust as ascertained from the plain language of the instrument controls a court's inquiry. *Gasque v. Sitterding*, 208 Va. 206, 210-11, 156 S.E.2d 576, 580 (1967); *Smith*, 201 Va. at 154, 109 S.E.2d at 124; *Mills v. Embrey*, 166 Va. 383, 385, 186 S.E. 47, 48 (1936).

 The guardian of Ms. Grandy's estate argues that, at the time the trust was drafted, Ms. Grandy was already experiencing her chronic mental problems. Thus, that situation, considered in conjunction with the language of the trust, the guardian argues, shows that the testator intended to provide for her support. The trust, however, is not clearly a support or maintenance trust for Ms. Grandy's benefit. The trust provides:

(h) If it should become necessary or desirable, in the judgment and discretion of the said Trustees, to use a part of the corpus of any of the trusts hereinabove in this item established for the benefit of any of the beneficiaries of the said trusts, then and in that event I hereby authorize and empower the said Trustees, in their uncontrolled judgment and discretion, to pay out of the corpus of the trusts any amount needed or required, in their opinion, for such purposes.

The trustees are also empowered to "make payments of income or corpus . . . during the physical or legal incapacity of any beneficiary of any such trust" as enumerated in a later provision. These provisions indicate that the testator did intend to allow the trustees to provide for Ms. Grandy in the event of her incapacity. However, the decision whether to make payments of income or corpus is within the "uncontrolled judgment and discretion" of the trustees. No limitations are placed on this discretion by the trust instrument.

 Generally, a trustee's discretion is broadly construed, but his actions must be an exercise of good faith and reasonable judgment to promote the trust's purpose. A trustee's exercise of discretion should not be overruled by a court unless the trustee has clearly abused the discretion granted him under the trust instrument or acted arbitrarily in such a way as to destroy the trust he

is to maintain. *Rinker's Adm'r v. Simpson*, 159 Va. 612, 621-22, 166 S.E. 546, 549 (1932). Similarly, it is generally not within the power of a court to compel trustees to exercise their discretion. *Dillard v. Dillard's Ex'ors*, 2 Va. Dec. 28, 32, 21 S.E. 669, 671 (1895); *Cochran v. Paris*, 52 Va. (11 Gratt.) 348, 356 (1854).

In this case, the trustees have not abused their discretion by refusing to invade the trust principal on behalf of Ms. Grandy. *See, e.g., Smith*, 201 Va. at 156, 109 S.E.2d at 125-26. Ms. Grandy has substantial personal assets available for satisfaction of her debts and for payment of her future medical costs as well as a competent guardian to oversee these assets. Cases in which courts have required trustees to invade principal generally have involved circumstances in which a beneficiary had no outside resources or the testator clearly anticipated the use of principal to support the beneficiary. *Rinker's Adm'r*, 159 Va. at 617, 166 S.E. at 548; *Pollock v. Phillips*, 411 S.E.2d 242 (W.Va. 1991); *Emmert v. The Old Nat'l Bank*, 246 S.E.2d 236 (W.Va. 1978). Those factors are not present here. The language of the trust authorizes the trustees to make distributions of principal as deemed necessary in their "uncontrolled judgment and discretion." The trustees acted reasonably in exercising their discretion to preserve the corpus of the trust for both Ms. Grandy and the contingent beneficiaries.

For these reasons, we find that the trial court impermissibly substituted its judgment for that of the trustees by compelling them to invade the trust principal on behalf of Ms. Grandy. Accordingly, we will reverse the judgment of the trial court and remand the case for further proceedings consistent with this opinion.

*Reversed and remanded.*