Present:  All the Justices

VIRGINIA STATE BAR

v.  Record No. 991943     OPINION BY JUSTICE ELIZABETH B. LACY
                                        June 9, 2000
RODNEY GOODE GOGGIN, ET AL.

FROM THE CIRCUIT COURT OF STAFFORD COUNTY
Thomas A. Fortkort, Judge

In this appeal, the Virginia State Bar challenges the judgment of the trial court that ordered funds in an attorney's trust account distributed among claimants of the funds on a pro rata basis.  We will reverse the judgment of the trial court and remand the case for entry of a new distribution order because, to the extent possible, funds in an attorney's trust account should be distributed in accordance with clearly ascertainable ownership interests of the funds.

The State Bar, in connection with an attorney disciplinary proceeding, filed a complaint and petition pursuant to Code § 54.1-3936.  The State Bar sought appointment of a receiver to take possession of the attorney's trust account and other assets and to make recommendations regarding the proper distribution of the assets.  The trial court granted the State Bar's petition and appointed a receiver.

In his report filed with the trial court, the receiver concluded that the amount of verified claims against funds that were to be held in trust by the attorney exceeded not only the amount in the trust account, but also the total amount available to the receiver, including the attorney's operating accounts, accounts receivable, and cash received from the sale of assets. However, the receiver reported that $375,764.27 of the available funds in the trust account could be traced to deposits made on behalf of six specific claimants. Based on the ability to trace these funds, the receiver recommended that they be disbursed in accordance with the ascertainable ownership interests. The receiver went on to conclude that Code § 54.1-3936(E) prefers "trust creditors over other creditors as to all [the] funds [available] whether actually held in trust or not." The receiver proposed that the remaining available funds be distributed among the trust account claimants on a pro rata basis.

Following a hearing, the trial court rejected the recommendation of the receiver regarding the disbursement of funds and ordered that the funds be disbursed among all claimants on a pro rata basis. In its ruling, the trial court did not reject the receiver's conclusion that § 54.1-3936(E) prefers trust account creditors over general creditors, nor did it reject the methodology used by the receiver to trace

2

the ownership interests in the trust account.  The basis for the trial court's ruling was that it believed a pro rata disbursement plan was "the fairest distribution scheme in a totally unfair situation."  The State Bar appealed, asserting inter alia that the trial court's order failed to follow "well-established Virginia case law regarding trusts," and the "statutory directives set forth in Va. Code §§ 54.1-3936 and 6.1-2.23."  We agree with the State Bar.

Clients' funds deposited in an attorney's trust account are funds held in trust.  As such, the claim of such clients for return of the funds is more than merely a personal claim against the attorney for the payment of the sum of money on deposit.  The clients retain an equitable or beneficial ownership interest in the funds.  Broaddus v. Gresham, 181 Va. 725, 731-32, 26 S.E.2d 33, 35-36 (1943).  The deposit of one client's funds in an account with funds of other clients does not destroy the beneficial interest of the clients in the funds so deposited.  Thus, the clients are entitled to those funds to the extent their equitable ownership interests can be traced.[*]

---

[*] Attorneys are authorized to deposit clients' funds in a single trust account with a subsidiary ledger.  See former Virginia Code of Professional Responsibility, DR 9-103(A)(3), Rules of Court, Part 6, Section II, now Rule 1.15(e)(iii), effective January 1, 2000.

Furthermore, in this case, some of the funds deposited in the attorney's trust account were deposited with the attorney acting as a settlement agent and thus are subject to § 6.1-2.23. That statute provides that such funds "shall be the property of the person . . . entitled to them under the provisions of the . . . agreement and shall be segregated . . . in a manner that permits the funds to be identified on an individual basis." This provision is consistent with the principle that claimants to the proceeds of an attorney's trust account retain ownership in those funds and are entitled to recover the full amount of their identifiable ownership interest where possible.

If all or part of a claimant's ownership interest cannot be traced to specific funds in the trust account, the right to recovery is not lost, but that right does not attach to funds identified as owned by another. Under such circumstances, the right to recovery runs to funds not traceable to a specific owner, and a pro rata distribution would be appropriate.

For these reasons, we will reverse the distribution order of the trial court and remand the case for entry of a new distribution order consistent with the law set forth in this opinion.

Reversed and remanded.

4