# CIRCUIT COURT OF RICHMOND COUNTY

Bradley Horton
and Sidney Horton

v.

James Monroe
and Law Office
of James Monroe, P.L.C.

October 3, 2012

Case Nos. CL11-76 and CL12-74
(consolidated)

BY JUDGE J. OVERTON HARRIS

Before the Court are Defendants' demurrers to counts I and II of the Plaintiffs' Complaint. The parties were represented by counsel at a hearing held on September 12, 2012. The Court heard argument on the demurrers and took the matter under advisement. Following a thorough review of the pleadings, the memoranda filed by counsel, and the law, the Court finds as follows.

## I. *Background*

One of the plaintiffs, a minor (hereinafter "Plaintiff 1"), was charged with several crimes in Westmoreland County. The Plaintiffs, subsequently, on or about January 23, 2011, retained the Defendant (the defendants are the attorney and his PLC, hereinafter referred to collectively as the "Defendant") to defend Plaintiff 1 in the Westmoreland County case. The father of Plaintiff 1 (hereinafter "Plaintiff 2") paid $45,000.00 to the

Defendant in exchange for the Defendant's representation of Plaintiff 1 in the criminal cases.

The Plaintiffs and the Defendant signed a "Flat Fee Legal Services Agreement" (hereinafter the "Contract") on January 23, 2011. The Contract contained the following pertinent provisions:

Paragraph one; Plaintiff 1 is listed as the client;

Paragraph two; the agreement was to take effect upon return of a signed copy and payment of the fee;

Paragraph three; describes the legal services to be provided as "a. SCOPE OF REPRESENTATION: defend client against charge of rape in Westmoreland County courts. b. THIS REPRESENTATION IS CONCLUDED UPON: final verdict of Westmoreland County JDR, unless transferred, then final verdict of circuit court";

Paragraph four; lists the responsibilities of the parties;

Paragraph six; is the attorney's fees clause, "[c]lient will pay Law Firm for attorney's fees for the legal services provided under this agreement a flat fee of $45,000.00 for the representation provided by [the Defendant] as called for under paragraph 3 above." "Client understands that this flat fee is in lieu of the rate of $250.00 per hour for legal services provided by [the Defendant]." "Client further acknowledges that the purpose of said flat fee is to limit Client's total attorney's fees to the flat fee amount."

The Plaintiffs allege in their complaint that, in addition to the express covenants in the Contract listed above, there were also covenants implied in the Contract, including adherence to the Virginia Rules of Professional Conduct (hereinafter "the Rules"). The Plaintiffs also allege that the Defendant was obligated to deposit the fee amount into an escrow account, and, by so doing, the Defendant became a trustee owing fiduciary duties to the Plaintiffs.

The Complaint alleges that both Plaintiffs discharged the Defendant in April 2011. The Complaint also alleges that this discharge was done "long before [the Defendant] had completed the scope of representation set forth in the Contract."

In Count I, the Plaintiffs seek to have an accounting of the Defendant's trust account in order to ascertain the amount of unearned funds. In Count II, the Plaintiffs allege a breach of the Contract; specifically, because the Defendant is an attorney, they allege "certain other covenants were implied in the Contract, including, without limitation. . . . (c) that any payments made by the [P]laintiffs would be handled as required of [the Defendant] by applicable law, including but not limited to the Virginia Rules of Professional Conduct. . . ."

The Defendant filed a demurrer to the Plaintiffs' complaint, arguing that a violation of the Rules does not give rise to a cause of action. The Defendant states, "Count I of the Complaint requests an accounting from the defendants, and Count II of the Complaint seeks damages from the

defendants due to an alleged breach of contract." Further, "[t]he Complaint, for both causes of action, clearly relies upon [the Defendant's] alleged violations of his obligations under the rules of Professional Responsibility. . . .

## II. *Rule of Law*

A demurrer may be employed to strike a pleading that does not state a cause of action or fails to state facts upon which relief may be granted. Va. Code § 8.01-273. A demurrer admits the factual pleadings to be true and accepts any reasonable factual inferences fairly and justly drawn from them. *Fox v. Custis*, 236 Va. 69, 71, 372 S.E.2d 373, 374 (1988). "A court may examine not only the substantive allegations of the pleading attached, but also any accompanying exhibit mentioned in the pleading." *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24, 431 S.E.2d 277, 278 (1993). The demurrer does not, however, admit the correctness of the pleading's conclusions of law. *Fox*, 236 Va. 69.

"An attorney who receives funds from a client for the future payment of legal fees for services not yet rendered holds those funds in trust. The funds are the corpus of a trust of which the attorney is the trustee and the client the beneficiary." *Marcus, Santoro & Kozak, P.C. v. Wu*, 274 Va. 743, 750, 654 S.E.2d 777, 781 (2007). The client maintains an equitable ownership interest in any unearned portion of funds deposited into an attorney's trust account. *Virginia State Bar v. Goggin*, 260 Va. 31, 33, 530 S.E.2d 415, 417 (2000).

"The interest of current beneficiaries in the administration of the trust is obvious, and it is well settled in Virginia that they are entitled to an accounting by the trustee." *Shriners Hospitals for Crippled Children v. Smith*, 238 Va. 708, 710, 385 S.E.2d 617, 618 (1989) (citing, *Rinker v. Simpson*, 159 Va. 612, 166 S.E. 546 (1932)). If a trustee is found to have violated a duty owed to a beneficiary, "the court may . . . [o]rder a trustee to account. . . ." Va. Code Ann. § 55-550.01(B)(4).

The same rules govern attorney/client "contracts for fees . . . as do other contracts." *Stiers v. Hall*, 170 Va. 569, 575, 197 S.E. 450, 453 (1938).

The Virginia Rules of Professional Conduct state that a "[v]iolation of a Rule should not give rise to a cause of action. . . ." Va. Supreme Court Rules, Pt. 6, § II, Preamble.

## III. *Analysis*

The intent of the drafters of the Rules is clear; they did not intend for a violation of the Rules, standing alone, to give rise to a cause of action against an attorney. This cannot be construed as an attempt to extinguish those causes of action that arise from conduct, which would also expose an

attorney to discipline by the Bar for violation of the Rules. If a plaintiff is alleged to be precluded from asserting a claim based on a violation of one of the Rules, which also constitutes a violation of a substantive legal duty, such a preclusion would be against common sense; while the claim cannot arise from the violation of the Rules alone, surely it can still arise from the violation of the substantive legal duty. The Rules largely mirror many substantive duties that an attorney owes to his client. Even if those duties are not expressed in the contract for legal services, they are nevertheless implied in any contract for legal services. The legal duty of an attorney to return any unearned portion of a fee paid in advance is one such implied duty. If an attorney is discharged prior to the conclusion of the legal representation and thereafter fails to make an accounting and return any unearned portion of the fee paid in advance, that alone is a breach of an implied covenant in a contract for legal services.

## A. *Count I: Accounting*

To maintain a cause of action to seek an accounting, a plaintiff must allege sufficient facts to show that a trust relationship existed and that there is some reason for the court to order an accounting of the trustee.

Plaintiff 2 transferred the $45,000.00 fee to the Defendant. The Defendant, as an attorney, receiving the fee holds the money in trust for the beneficiaries, typically the client.

The Defendant, by counsel at the hearing, conceded that Plaintiff 1 had standing to bring an action for an accounting. Plaintiff 1 is a beneficiary because he, as the client, was to receive legal representation in exchange for the fee. Plaintiff 1 alleged in the complaint that the Defendant was discharged prior to conclusion of the legal representation as described in the Contract. Therefore, as to Plaintiff 1, Count I in the Complaint has alleged sufficient facts to state a cause of action, and the demurrer as to Count I for Plaintiff 1 is overruled.

The Defendant, by counsel, argued that Plaintiff 2 should not have standing to bring an action for an accounting, because he was not the client. This Court disagrees. Plaintiff 2 is also a beneficiary because he maintained an equitable interest in the unearned portion of the fee. While Plaintiff 2 is clearly not the client, if the Defendant had become incapacitated or otherwise unable to complete his obligations under the Contract, Plaintiff 2 would have been entitled to a return of the fee less any amount the Defendant would have earned up to that point for services performed under the Contract. Thus, Plaintiff 2 remains a beneficiary of the trust relationship and would be entitled to a return of any unearned portion of the fee. Because the Complaint alleges that the Defendant was discharged prior to the conclusion of the legal representation as described in the Contract, Plaintiff 2 has an equitable ownership in any unearned portion of the fee.

Therefore, as to Plaintiff 2, Count I in the Complaint has alleged sufficient facts to state a cause of action, and the demurrer as to Count I for Plaintiff 2 is overruled.

## B. *Count II: Breach of Contract*

To maintain a cause of action for breach of contract, the Plaintiffs must allege sufficient facts to establish that a contract existed, which they have done here. There also needs to be some alleged breach. The Plaintiffs allege in the Complaint that the Defendant has "breached the express and implied covenants of the Contract. . . ."

In this case, the Plaintiffs allege in paragraph 24 of their Complaint that because the Defendant is an attorney, there were certain implied covenants in the Contract, including, one where the Defendant would handle any payments from the Plaintiffs "as required of [the Defendant] by applicable law; including but not limited to [the Rules] in effect at the time of the Contract."

The Plaintiffs do not rely solely on the Rules to assert this cause of action. They also allege the following specific facts: the legal representation ended prior to completion; the fee was paid in advance, and, the Defendant has neither made an accounting nor returned any unearned portion of the fee.

As an attorney the Defendant has an obligation to return the portion of any fee that has been paid in advance and not earned. The distinction of whether or not the payor of the fee is also the client is not a controlling issue. If an attorney is discharged prior to completion of the legal representation, regardless of the reason for the discharge, such an attorney has an implied obligation to return any unearned portion of the fee, which was paid in advance. This obligation is an implied covenant in any legal services contract that requires a fee be paid in advance, and the obligation is owed to both the client and the payor of the fee, regardless of whether they are one and the same. Therefore, as to both Plaintiffs, Count II in the Complaint has alleged sufficient facts to state a cause of action, and the demurrer as to Count II for both Plaintiffs is overruled.

## IV. *Conclusion*

Therefore, Defendants' demurrer is overruled as to both Plaintiffs on the Accounting claim, Count I, and Defendants' demurrer is overruled as to both Plaintiffs on the breach of contract claim, Count II. The Defendants have twenty-one days from entry of the order to file an answer.