## Richmond.

### BLAIR v. MUSE AND ALS.

#### APRIL 21st, 1887.

DEEDS—*Clauses—Repugnant—Subsequent.*—Unlimited power of aliena-
tion is an essential incident of a fee-simple estate. A deed conveys
land to four grantors in fee simple. Subsequent clause giving one of
them power to dispose of the whole at her pleasure is invalid, the
rule being that where two clauses in a deed are repugnant, the first
shall prevail.

Appeal from decree of circuit court of Pittsylvania county,
rendered December 12th, 1884, in the cause of J. D. Blair,
suing for himself and others, plaintiffs, against W. J. Overby,
sheriff-administrator of A. L. H. Muse, deceased, Mary Ann
Muse, C. L. Carter, and Dorothy S. Carter, his wife, and
Rufus Muse. At the hearing the bill was dismissed at the
costs of the plaintiffs, who appealed to this court. Opinion
states the case.

*W. W. Henry* and *B. B. Munford,* for the appellants.

*Geo. D. Rison* and *J. D. Coles,* for the appellees.

RICHARDSON, J., delivered opinion of the court.

This case lies within a narrow compass, and may be
briefly disposed of. The object of the bill was to enforce
the lien of a judgment and execution thereon in favor of the
complainant for $537.23, with interest and costs, obtained

in the said court against one A. L. H. Muse, on the fifth of September, 1876.

The bill sets forth that on the fourth of October, 1847, the said Muse conveyed to his wife, Mary Ann Muse, and their children, Dorothy S., Frances Ann, and Rufus Muse, certain personalty and also a tract of land, situate in the said county, containing 246 acres; that afterwards, some time in the year 1874, the said Frances Ann died intestate, unmarried and without issue, and that her father, the said A. L. H. Muse, became her sole heir and distributee; that afterwards, and after the rendition of the said judgment and its entry on the judgment lien-docket of the said county, to-wit: on the tenth day of January, 1881, the said A. L. H. Muse and Mary A., his wife, conveyed the estate, real and personal, so inherited from the said Frances Ann Muse, deceased, to their said daughter, Dorothy S., then the wife of C. L. Carter, claiming the right to make such conveyance by virtue of the deed from the said A. L. H. Muse to his wife and children as aforesaid. The bill also charges that the deed to Mrs. Carter was made without authority of law, and is on its face fraudulent and void.

The principal question in the case turns upon the true construction of the deed of the fourth of October, 1847. In other words, the question is, whether Frances Ann Muse took an interest in the property conveyed by that deed, which at her death passed to her father, the said A. L. H. Muse, under our statute of descents and distributions.

The deed conveys, with general warranty, all the right, title, and interest of the grantor in and to the property, real and personal, described in the deed, unto the said Mary Ann Muse, Frances Ann Muse, Dorothy S. Muse and Rufus Muse, their executors, administrators, and assigns forever. And then follow what in the deed are called "the following exceptions and reservation," to-wit: "I reserve to my wife, the said Mary Ann, the power, right, and privilege to

sell and convey at any time, at her own pleasure, any part or the whole of the aforesaid land and premises, &c.; and her conveyance in such case shall be lawful and good to the purchaser of the same," &c.

This latter clause in the deed is manifestly void and inoperative, for several reasons. In the first place, it is irreconcilably repugnant to the preceding clause, the effect of which is to convey the property described in the deed to the four grantees absolutely and in fee-simple, and one of the essential incidents of a fee-simple estate is the unlimited power of alienation. Hence, the grantor having conveyed the property absolutely to the four, the subsequent clause giving to the wife the power to dispose of the whole estate conveyed, at her pleasure, is invalid; for the rule is that when two clauses in a deed are repugnant, the first shall prevail. The case of *Humphrey* v. *Foster*, 13 Gratt. 653, is not in conflict with this view. That case simply decided that under the statute then in force, and which applies to the deed in question, the whole deed should be looked to in order to ascertain the intention of the grantor, and consequently what estate was intended to be granted. But that is not the question before us. Here, then, are two utterly irreconcilable clauses in the deed, each expressed in clear and unmistakable language, which unquestionably brings the case within the rule above stated. Nor is the clause in question valid as an exception; for an exception relates only to a thing that is severable from the thing granted, and not to an inseparable incident. Therefore, where a deed, as in this case, conveys property in fee-simple, and restrains the power of alienation, the latter provision is void, because, as we have seen, the power of alienation is ordinarily an inseparable incident of a fee-simple estate. 2 Minor's Insts. (1 Ed.) 76.

And it is equally clear that the clause in question is not good as a reservation. A reservation applies to a thing not

*in esse* at the time of the grant, but newly created, and which is reserved for the benefit of the grantor; as, for example, the reservation of a right of way over the estate conveyed, which, though it may have been previously enjoyed by the grantor as the owner of the estate, becomes a new right. It is needless, therefore, to say that the so-called reservation of the exclusive power of alienation on the part of the wife of the grantor, in the deed under consideration, is void. We are, therefore, of opinion that the said Frances Ann Muse took an undivided one-fourth interest absolutely and in fee-simple in the property conveyed by the deed of October 4, 1847, which passed, at her death, to the said A. L. H. Muse, as her sole heir and distributee, and that the decree of the circuit court dismissing the bill is erroneous. It only remains to say that inasmuch as the single object of the bill is to subject the said undivided interest to the lien of the appellants judgment and execution, it was not necessary to make the said Rufus Muse a party to the suit, and the demurrer to the bill ought, therefore, to have been overruled. The decree of the said circuit court must be reversed and annulled, and a decree entered here in conformity with the views hereinbefore expressed.

DECREE REVERSED.