# Richmond

OSCAR L. MUNDAY V. ALICE S. MUNDAY'S EXECUTORS, ET ALS.

March 14, 1935.

Present, Campbell, C. J., and Holt, Epes, Hudgins, Gregory and Chinn, JJ.

The opinion states the case.

*S. M. Nottingham,* for the appellant.

*Shackelford & Robertson, W. C. Bibb* and *E. E. Johnson,* for the appellees.

GREGORY, J., delivered the opinion of the court.

Alice S. Munday died July 16, 1931, in Orange county, seized and possessed of a large estate, both real and a personal. She was survived by her husband, Oscar L. Munday, an adopted daughter, Alice Talmadge Adams, and a number of nephews and nieces. Alice S. Munday, before her marriage to Oscar L. Munday, was Alice M. Shuler, the widow of Geo. W. Shuler, deceased. She and her husband, Geo. W. Shuler, had adopted Alice Talmadge Adams during the year 1910.

Under the will of Mrs. Munday certain provisions were made for her husband, her adopted daughter and certain nieces, nephews and foster children. This will was probated in the clerk's office of Orange county on July 31, 1931. On September 4, 1931, Oscar L. Munday filed in the clerk's office a renunciation of the will under Code, section 5276, he having elected to take such share in his wife's estate as was given him by law.

There is no dispute about the facts. The sole question presented by the record in this case is whether or not a legally adopted child comes within the term "issue" as used in said section 5276. If the adopted daughter of Alice S. Munday is to be construed as "issue" within the meaning of said section 5276, then upon the renunciation of the will of the decedent by her husband, the latter is entitled to one-

third of the surplus of the decedent's personal estate, otherwise he is entitled to one-half of such surplus.

Upon the renunciation of the consort's will, section 5276 provides that "the surviving consort shall, if the decedent left surviving issue of the marriage which was dissolved by the death of the consort or surviving issue of a former marriage, have one-third of the surplus of the decedent's personal estate mentioned in section fifty-two hundred and seventy-three; or if no such issue survive, the surviving consort shall have one-half of the aforesaid surplus; otherwise the surviving consort shall have no more of the said surplus than is given him or her by the will * * *."

Section 5273 of the Code since the amendment of 1926 (Code 1930, section 5273) reads in part as follows: "If the intestate was married, the surviving husband or wife shall be entitled to one-third of such surplus, if the intestate left surviving children or their descendants of the marriage which was dissolved by the death of the intestate or of a former marriage, or by legal adoption; * * *."

The adoption statute, section 5333 of the Code, provides that an adopted child shall be "to all intents and purposes the child and heir at law of the person so adopting him or her, * * * entitled to all the rights and privileges and subject to all the obligations of a child of such person begotten in lawful wedlock; but on the decease of such person and the subsequent decease of such adopted child without issue the property of such adopting parent, still undisposed of shall descend to his or her next of kin and not to the next of kin of such adopted child."

It will be noted that section 5276 has to do with the marital rights of one consort in the property of the other where the latter dies testate and where the former renounces the provisions made for him or her in the will, while section 5273 deals with the descent and distribution of the personal property of persons who die intestate, and section 5333 provides the method of adopting children and fixes their legal status after such adoption.

Prior to the amendment of 1926, the pertinent portion of

section 5273 read as follows: "If the intestate was married the surviving husband or wife shall be entitled to one-third of such surplus, if the intestate left surviving issue of the marriage which was dissolved by the death of the intestate, or of a former marriage; but if no such issue survive, the surviving husband or wife shall be entitled to the whole of such surplus * * *."

The appellees contend that it was the intent and purpose under sections 5273 and 5333 to put an adopted child on the same plane as a natural child, and unless section 5276 is so construed the plain provisions of the adoption statute will be violated, and the adopted child will be deprived of "rights and privileges" of a child "begotten in lawful wedlock," and that this intention and purpose of the legislature in this respect is manifested by the 1926 amendment of section 5273.

It must be conceded that prior to the 1926 amendment of section 5273 an adopted child would not preclude a husband or wife from taking all of the personal estate of the deceased consort, though the adoption statute (section 5333) provided then, as it does now, that such adopted child "shall be to all intents and purposes the child and heir at law of the person so adopting him or her, entitled to all the rights and privileges * * * of a child of such person begotten in lawful wedlock * * *." If prior to 1926 an adopted child could not have been construed as "issue" within the intent and meaning of section 5273 in the then language of that section, and it was necessary, in order to give an adopted child the same rights and privileges thereunder as a natural child, to amend this statute to make it specifically embrace such an adopted child, it cannot be said that the word "issue," when used in section 5276, can be construed to include within its meaning an adopted child. If the word "issue" as used in section 5273 prior to the amendment referred to bodily issue, it should be given the same construction in section 5276.

*Issue* is ordinarily defined as descendants of a common ancestor. *Tiffany, Real Property,* vol. 1, page 63. To

bring an adopted child within the accepted definition of the word "issue" would certainly place upon the term a very strained construction, unwarranted as we believe in this case.

In Virginia there are numerous instances in which an adopted child does not exercise the same rights and privileges of a natural child, especially in respect to inheritance, descent and distribution of property. This is necessarily so. Illustrative of this, an adopted child does not inherit from the ancestor of the adopting parent, nor does it inherit from its foster brothers and sisters. The only right of inheritance acquired by an adopted child by reason of such adoption is that statutory right to inherit from its adopting parent.

The decisions of the courts of other States are of little assistance in the present inquiry because of the peculiar language of the statutes in those States.

In *Morse* v. *Osborne,* 75 N. H. 487, 77 Atl. 403, 30 L. R. A. (N. S.) 914, Ann. Cas. 1912A, 324, the question presented was whether an adopted child was "issue" within the meaning of a statute which gave the surviving husband or wife certain rights in the estate of the other, in event of death, when the deceased left "issue" of the marriage surviving. The court held that "issue" meant natural descendants and not children by adoption; that it meant child, grandchild or other lineal descendants, although the statute provides that an adopted child shall, for the purpose of inheritance by it and all other legal consequences and incidents of the natural relation of parents and children, be deemed the child of the parents by adoption. But in an annotation appended to this case in 30 L. R. A. (N. S.) 914, it is stated that the weight of authority is contrary to the holding in the *Morse Case.*

The appellee relies upon the cases of *Markover* v. *Krauss,* 132 Ind. 294, 31 N. E. 1047, 17 L. R. A. 806; *Buckley* v. *Frasier,* 153 Mass. 525, 27 N. E. 768; *Sayles* v. *Christie,* 187 Ill. 420, 58 N. E. 480, 484, and *Rowan's Estate,* 6 Pa. Co. Ct. R. 461, affirmed, *per curiam* 132 Pa. 299, 19 Atl. 82.

In these cases statutes are construed where the language is different from the Virginia statute. In the *Markover Case* an adopted child was held to be within the terms "children alive by a former wife" embraced in an Indiana statute. In the *Buckley Case,* the court held an adopted child to be within the term "issue living" which appears in a Massachusetts statute. In the *Sayles Case,* the court held an adopted child to be within an Illinois statute which provided "if a husband or wife die * * * leaving no child or descendants of a child" and in the *Rowan Case* it was held that an adopted child was "issue." See, also, Law of Real Property, Ballard, vol. 9, sections 164, 165 and vol. 2, section 157.

Our conclusion is that under our statute "issue" means natural descendants of a common ancestor. We, therefore, reverse the decree of the trial court and remand the cause for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded.*