# Wytheville

JOSEPH EDGAR MILLS v. ALVIN T. EMBREY, TRUSTEE.

June 11, 1936.

Present, All the Justices.

The opinion states the case.

*C. O'Conor Goolrick,* for the appellant.

*W. W. Butzner,* for the appellee.

HUDGINS, J., delivered the opinion of the court.

The object of this suit is to construe a deed bearing date September 3, 1908, by which Joseph W. Mills conveyed certain real estate to Alvin T. Embrey upon the following trust: "For the sole and separate use of the said Mabel Mills, wife of said Joseph W. Mills, for her maintenance and support, and that of her children, during the joint lives of the said Joseph W. Mills, and Mabel Mills, and upon the death of the said Joseph W. Mills, for the life of the said Mabel Mills, or until her remarriage, and upon the death or remarriage of the said Mabel Mills, which ever may first happen, then to be equally divided among

the children of the said Mabel Mills by the said Joseph W. Mills, living at the death of the said Mabel Mills and to the issue of any such children as may have died in the life time of the said Mabel Mills.

Joseph W. Mills, the grantor, died, survived by his widow, Mabel Mills, and one child by her, Joseph Edgar Mills. On December 30, 1931, Mabel Mills married George C. Sparks. Thereafter Joseph Edgar Mills requested the trustee to transfer to him the accumulated income, and the corpus of the property described in the trust instrument. The trustee declined to do either. He conceded that the gift to Mabel Mills was limited to her widowhood, but he contended that the remainder was contingent upon Joseph Edgar Mills surviving his mother, Mabel Mills. Joseph Edgar Mills then filed his bill in this case against the trustee, asking that the trust deed be construed and that the trustee be compelled to surrender possession of the trust property to him. The trustee filed an answer and joined in the prayer for the construction of the instrument creating the trust. The trial court held that under the terms of the trust, the remainderman could not be ascertained until the death of Mabel Mills. From a decree so declaring, Joseph Edgar Mills obtained this appeal. The trustee filed no brief and made no appearance in this court.

The instrument should be construed as a whole so as to ascertain the general intention of the creator of the trust. Where there is manifest a general intent, construction should be such as to effectuate such intent, though in so doing "some particular or subordinate intent may be defeated, or the literal import of the word be departed from."

"It is not admissible, by adhering to the letter, to defeat the manifest object and design of the instrument." *Hurt* v. *Brooks,* 89 Va. 496, 500, 16 S. E. 358, 360; *Jordan's Adm'r* v. *Richmond Home,* 106 Va. 710, 56 S. E. 730.

With these general rules in mind, we examine the instrument and find that in the first paragraph of the deed

there are four parties named: 1. The grantor; 2. The trustee; 3. Mabel Mills; 4. "The children of the said Mabel Mills by the said Joseph W. Mills, as herein set forth." From the instrument itself it is apparent that the general intention of the grantor was to provide separate maintenance and support for Mabel Mills, and her children gotten by Joseph W. Mills. The provision for the maintenance and support of Mabel Mills was limited to her life or widowhood. This limitation is clearly expressed in the words, "For the life of the said Mabel Mills, or until her remarriage." This language is immediately followed by the words "and upon the death or remarriage of the said Mabel Mills, which ever may first happen, then to be equally divided among the children of the said Mabel Mills by the said Joseph W. Mills."

The import of this language is obvious. However the scrivener did not stop there, he added, "living at the death of the said Mabel Mills, and the issue of any such children as may have died in the life time of said Mabel Mills."

The language used to fix the time for the possession and enjoyment of the property by the remainderman is ambiguous. It is by no means clear whether the grantor intended the remainderman to be definitely ascertained immediately upon the termination of the estate in the widow, in event the termination was brought about by her marriage, or whether in any event such possession and enjoyment should be postponed until her death.

The only possible way to harmonize the language used, is to construe the words "living at the death of the said Mabel Mills," as applying to the termination of her estate by death, and that they do not apply to the termination of the estate by her remarriage. So construing the instrument, effect will be given to the primary object of the grantor, and the remainder in the only child of Joseph W. and Mabel Mills will vest as of the date of the remarriage.

If it be contended that this is a strained construc-

tion, the same result would be reached if the two provisions regarding the time of the vesting of the estate in remainder, are considered inconsistent or repugnant. As a general rule adjudicated cases afford slight aid in the interpretation of instruments of this nature, inasmuch as no two instruments are wholly alike. However, when the creator of the trust has so expressed himself that, by giving to the language used the natural and usual meaning, his intent is obscure, resort may be had to the general rules of construction to determine the true meaning. Thus, when two clauses in the same instrument are entirely inconsistent, that clause should prevail which most nearly appears to be the intention of the donor, as gathered from the whole instrument. 40 Cyc. 1416. "Where two clauses are irreconcilably repugnant, in a deed the first, and in a will the last prevails." 2 Minor Ins. (4th Ed.), 1059; *Blair* v. *Muse,* 83 Va. 238, 2 S. E. 31; *Gibney* v. *Fitzsimmons,* 45 W. Va. 334, 342, 32 S. E. 189.

In *Clark* v. *Tennison,* 33 Md. 85, 92, 93, the following clause in a will was construed "I likewise give and devise to my said wife all the rest of my estate so long as she remains my widow; at her death to be equally divided with my children, and to them and their heirs forever."

The widow remarried, and a controversy arose over this provision of the will. In the course of the opinion this was said: "The plain intent of the testator was that the widow should have the property no longer than during her widowhood. It is equally clear that the limitation over is in favor of the testator's children, who were the primary objects of his bounty, after giving her the preceding estate. He failed to limit it over to them after her marriage, but has limited it to them at her death. To hold that there was an intestacy would defeat this limitation over entirely. It is therefore necessary, in order to carry out the plain intention of the testator, to construe the will as giving the property to the children upon the termination of the estate given to the mother, whether that be by her marriage or her death."

It appears to us that on the admitted facts of this case, Joseph Edgar Mills is entitled to the whole of the trust property, as he was the only child born of Joseph W. and Mabel Mills living at the time of the latter's remarriage.

For the reasons stated the decree of the trial court is reversed, and the case is remanded, with directions to the lower court to enter such orders and decrees as may be necessary to transfer the trust property to Joseph Edgar Mills.

*Reversed.*