## CIRCUIT COURT OF ROANOKE COUNTY

Arthur E. Smith,
Executor of the Estate of
David Clinton Winks

v.

Virginia W. Hughes and
Lebron K. Winks

September, 1976

By JUDGE F. L. HOBACK

On November 23, 1973, a bill of complaint was filed by Arthur E. Smith, Executor of the Estate of David Clinton Winks, praying that the Court make a determination as to certain issues set forth in the bill of complaint to enable the Executor to complete the administration of the estate, and more particularly to rule whether or not a certain $1,500.00 specific legacy made in the will of David Clinton Winks to Frank Robert Schoemaker should be distributed to Lebron King Winks, as residuary legatee, or to Virginia W. Hughes.

The facts are stipulated to be those contained in the bill of complaint and as recited in the brief furnished by the petitioner and as supplemented by the affidavit of April 2, 1976, of Virginia Schoemaker Ferguson. It is stipulated and agreed that Virginia Whited Hughes is the child of Frank Robert Schoemaker, and that he and Carrie Whited lived together ostensibly as husband and wife, but that they were never married. Frank Robert Schoemaker died prior to the testator, David Clinton Winks, and the specific question now before the Court for decision is whether the lapse statute, Section 64.1-64, applies in the instant case or whether it is restricted in its application to legal issue.

There is no question that at common law the word "issue" means lineal descendants and connotes a common blood stream. See *Fletcher* v. *Flanary*, 185 Va. 409, 38 S.E.2d 433, 166 A.L.R. 145 (1946); *Munday* v. *Munday*, 164 Va. 145, 178 S.E. 917, 98 A.L.R. 187 (1935). See also 21A M.J. 358.

The word "issue" is commonly held to include only legitimate issue. See *Black's Law Dictionary*, Revised 4th Edition.

Normally an illegitimate child only inherits from the mother. See *Brown* v. *Brown*, 183 Va. 353, 32 S.E.2d 79 (1944). See also Section 64.1-5.

However, the common law restriction has been modified in recent years. In *Carroll* v. *Sneed*, 211 Va. 640, 179 S.E.2d 620 (1971), it was held that an illegitimate child is made a beneficiary and entitled to share in the recovery under the Virginia Wrongful Death Act. See Section 8-636.1.

Also, in the case of *Kasey* v. *Richardson, Secretary, Health, Education and Welfare*, 462 F.2d 757 (1972), it was held that the issue of a bigamist common law marriage was legitimate under applicable Virginia law and was entitled to a surviving child's benefits under the Social Security Act. In the stipulated facts, it appears that Virginia Hughes was awarded benefits by the Veterans Administration and the Social Security Board for survivor's benefits from her father, and that the records of Hundley Painting and Decorating Company (the employer of her father) included income tax forms in which he had listed a dependent daughter named Virginia.

It is further stipulated that Virginia Hughes had always been recognized by the father and the mother as being their child, and, indeed, under Section 64.1-7, if there had ever been a marriage, this would unquestionably have made her the legitimate child of these parties.

The lapse statute, Section 64.1-64, was enacted to prevent lapses that otherwise would have occurred under common law and our Court has held that the lapse statute should receive a liberal construction.

> The statute is in furtherance of what may fairly be presumed to have been the intention of the testator, and, in order to

effect its object, it should be construed liberally. See *Hester* v. *Sammons*, 171 Va. 142, at 148, 198 S.E. 466, 118 A.L.R. 554 (1938).

In this same opinion, the Court also stated, at page 148, *supra*,

We have seen that this statute is not for the benefit of the dead, but is intended to safeguard the interests of those who take under her.

In the affidavit of Virginia Schoemaker Ferguson, filed herein, it appears that the testator "knew that Mrs. Hughes was the daughter of Frank and Carrie. As a matter of fact, many times while Mrs. Hughes was growing up, Mr. Winks took care of her as much as a month at a time while her mother worked. I am certain that Mrs. Hughes is the daughter of my brother, Frank, and Carrie and I am certain that Mr. Winks acknowledged her as such throughout his life."

It is, therefore, reasonable to assume that Mrs. Hughes would certainly be within the contemplation of the testator as a beneficiary under the lapse statute, and that it would have been the intention of the testator for her to receive the legacy left by him to her father, Frank Robert Schoemaker, who predeceased the testator. It would appear that the trend is certainly to recognize the right of illegitimate children to inherit from the father, as well as from the mother and, in fact, under the lapse statute, they would be taking not from the father but from the testator. Accordingly, it is the opinion of this Court that Virginia W. Hughes, as the recognized daughter of Frank Robert Schoemaker, and well known as such by the testator, is included in the meaning of the lapse statute, Section 64.1-64, and should receive the $1,500.00 legacy under this Section.

See *In re Anonymous Estate*, 126 N.Y.S.2d 749, 204 Misc. 1045 (1953), holding that an illegitimate child of a female legatee who predeceased the testator came within the meaning of the lapse statute of New York.

478

An appropriate order may, therefore, be prepared directing the Executor of the Estate of David Clinton Winks, to pay the legacy to Virginia W. Hughes for the reasons herein stated.