BILLY JONES YANCEY, ET AL.

v.

DORIS S. SCALES, ET AL.

Record No. 911578

September 18, 1992

Present: All the Justices

*Robert A. Williams (Williams, Luck and Williams*, on brief), for appellants.
*George R. Gautsch (Swezey & Gautsch*, on brief), for appellees.

JUSTICE STEPHENSON delivered the opinion of the Court.

In this appeal, we determine whether the trial court erred in ruling that a certain provision in a will constituted the residuary clause.

Doris S. Scales and Geneva Young, executors of the estate of Geneva J. Spencer, deceased,. filed a chancery suit against Billy Jones Yancey and others, Spencer's heirs at law, and against Carin Young, an infant, and others, the legatees named in clause SIXTEENTH of Geneva J. Spencer's last will and testament. The executors asked the trial court to construe clause SIXTEENTH and to determine whether the proceeds from a certain insurance policy were bequeathed to the legatees under clause SIXTEENTH of the will or passed to the heirs under the laws of intestacy. The trial court ruled that clause SIXTEENTH ''operates as a residuary clause'' and that the insurance proceeds pass ''to those persons named therein rather than to [Geneva J. Spencer's] heirs at law under the laws of intestacy.'' The heirs appeal.

The facts are undisputed. On August 5, 1987, Spencer obtained an accidental death and dismemberment insurance policy which provided that, if Spencer should die as a result of an automobile accident, the insurer would pay $50,000. The policy also provided that, when no beneficiary is specified, ''any amount due for Loss of life . . . will be paid to [the insured's] spouse, if living; otherwise equally to [the insured's] then living lawful children, if any . . .; otherwise equally to [the insured's] then living parents or parent; otherwise to [the insured's] estate.'' Spencer did not designate a beneficiary.

On October 5, 1988, Spencer executed a will containing 41 clauses. Clauses FIFTH through FIFTEENTH provided for specific

bequests of $1,000 each to various named legatees. Clauses SEVENTEENTH through THIRTY-NINTH, with the exception of clause EIGHTEENTH, provided for specific bequests of various items of tangible personal property to named legatees. By clause EIGHTEENTH, Spencer devised all of her interest in certain real property to named devisees. In clause SIXTEENTH, Spencer stated that ''[a]ll the money I have left in any bank, after the payment of all of my debts and funeral and administration expenses and the above bequests, shall be equally divided among [the legatees].''

Spencer also executed two codicils to her will. By one, executed on the same date she executed the will, she added two other specific bequests of $1,000 each to named persons. By the other, executed on September 19, 1989, she added two clauses bequeathing other items of tangible personal property to named individuals. In each codicil, Spencer ratified, confirmed, and republished her will, except as modified by the bequests in the codicils. An experienced attorney prepared the will and both codicils.

On January 2, 1990, Spencer was killed in an automobile accident. She was not survived by a spouse, by children, or by either parent. On March 6, 1990, the insurance company paid $50,000, which represented the proceeds of the insurance policy, to Spencer's estate.

The heirs contend that the trial court erred in ruling that clause SIXTEENTH operated as a residuary clause which bequeathed the insurance proceeds to the legatees. The heirs assert that the phrase, ''all the money I have left in any bank,'' clearly expressed the testator's intention and cannot be construed to include insurance proceeds that were not in a bank at the time the testator died.

The legatees contend, on the other hand, that the trial court correctly construed clause SIXTEENTH as a residuary clause. They assert that ''[t]he effect of the language of [clause] SIXTEENTH is to act as a traditional residuary clause in that all of the testatrix['s] debts, funeral expenses and administration expenses would come out before dividing up the residuary estate among the residuary beneficiaries.'' The legatees argue that their contention comports with two basic principles of will construction: (1) the common-law presumption in favor of a residuary distribution, and (2) the common-law presumption against intestacy.

The paramount rule in will construction is that the intention of the testator must control. If possible, this intention must be ascertained from the language employed by the testator. *Westmoreland*

*Rescue Squad* v. *Melnick*, 243 Va. 222, 224, 414 S.E.2d 817, 818 (1992); *Gillespie* v. *Davis*, 242 Va. 300, 303, 410 S.E.2d 613, 615 (1991). Once a court ascertains the testator's intention from the words used, its "quest is ended and all other rules become immaterial." *Wornom* v. *Hampton N. & A. Inst.*, 144 Va. 533, 541, 132 S.E. 344, 347 (1926). Additionally, "[a] will shall be construed . . . to speak and take effect as if it had been executed immediately before the death of the testator, unless a contrary intention shall appear by the will." Code § 64.1-62.

 We think the language that Spencer used in clause SIXTEENTH clearly stated her intention, *i.e.*, to dispose of all of her money "in any bank" after payment of her debts, funeral expenses, and costs of administration. She did not say that she was disposing of the remainder of her property or estate. She expressly limited the bequest to "[a]ll the money I have left *in any bank*," and, immediately before her death, this could not have included money derived from the insurance policy. Thus, her intention, as determined by what she actually said, is clear, and we cannot give her words a different meaning simply because there are common-law presumptions against intestacy and in favor of a residuary distribution. Indeed, in the face of the testator's plain language, these rules of construction become immaterial.

We hold, therefore, that the trial court erred in ruling that clause SIXTEENTH was a residuary clause which passed the insurance proceeds to the legatees. Accordingly, we will reverse the trial court's judgment and remand the cause for the entry of a decree directing the executors to pay the insurance proceeds to the heirs.

*Reversed and remanded.*