Present:  All the Justices

WILLIAM CHARLES MCGEHEE, ET AL.

v.  Record No. 031595     OPINION BY JUSTICE ELIZABETH B. LACY
                                    June 10, 2004
H. ROBERT EDWARDS, ET AL.

FROM THE CIRCUIT COURT OF CLARKE COUNTY
John R. Prosser, Judge

In this appeal, we consider whether the term "direct lineal descendants" used in certain inter vivos trusts created prior to 1978 includes adopted persons.

In 1929, 1930, and 1931, the seven children of Dr. and Mrs. Montfort Jones established eleven inter vivos trusts (the Jones Family Trusts).  Each trust created a class of beneficiaries described as "direct lineal descendants" of either the grantor's parents, the grantor's brothers and sisters, or the named sons of the grantor.  There are presently approximately 142 beneficiaries of the Jones Family Trusts.

On January 11, 2000, H. Robert Edwards and E. E. Laird, Jr., the Trustees of the Jones Family Trusts (Trustees), filed a bill of complaint requesting that the trial court "adjudicate who are, or may be direct lineal descendants under each of the above Trusts and specifically whether children born out of wedlock constitute direct lineal descendants." Defendant-beneficiary Amy P. Davis filed an answer which included a request that the court decide whether "direct

lineal descendants" includes children of direct lineal descendants who are legally adopted by direct lineal descendants or born to them through "assisted conception" as defined in Code § 20-156.

The trial court appointed guardians ad litem for persons adopted by lineal descendants, persons born out of wedlock to lineal descendants, persons born to lineal descendants through assisted conception, and legitimate minor beneficiaries and parties unknown. Davis and the guardians ad litem filed memoranda of law addressing one or more aspects of the following question: whether "direct lineal descendants" includes illegitimate children, adopted children, or children born by means of "assisted conception" as defined in Code § 20-156 et seq. No other beneficiaries filed answers to the bill of complaint, but various beneficiaries, including two of the appellants here, filed letters with the court expressing their position on the meaning of "direct lineal descendants."

After considering the pleadings, memoranda, and the arguments of counsel and the guardians ad litem, the trial court ruled that the term "direct lineal descendants" in the Jones Family Trusts included, inter alia, persons legally adopted by any direct lineal descendant of an individual referred to in the subject trusts.

2

Thereafter, six defendant-beneficiaries – Donald B. McGehee; Virginia E. McGehee Friend; Harry M. McMillan, individually and as guardian for William M. McMillan, an incapacitated person; Fitzhugh L. J. Jackson; Bernard B. Jones, III; and William C. McGehee (collectively "McGehee") – jointly filed a "motion for further consideration" by the trial court. The trial court heard arguments on McGehee's motion and issued an order on April 8, 2003 denying further consideration and restating the conclusions of its prior ruling. We granted McGehee this appeal.

## I.

Initially, we address McGehee's assertion that the trial court's jurisdiction was limited to consideration of whether the trusts included children born out of wedlock. Davis raised the issue of adopted children in her answer but did not serve her answer on the other defendants or otherwise put them on notice of this issue. McGehee argues that the failure to put all defendants on notice deprived these defendants of their opportunity to be heard on the issue and prevented the trial court from acquiring "in rem jurisdiction of the adopted person issue."

After reviewing the pleadings, we conclude that the trial court had jurisdiction to consider the issue of adopted children. The Trustees' pleadings asked the trial court to

3

determine "who are . . . or may be direct lineal descendants" under the trusts.  Although the pleadings referred to a single category of potential beneficiaries, answering the question, "who are . . . or may be direct lineal descendants" requires the determination of the status of more than just that single category and therefore did not limit the trial court's determination to that category alone.

## II.

We now turn to the substantive issue in this appeal: whether the trial court erred in finding that adopted persons constitute "direct lineal descendants" under the Jones Family Trusts.

We construe the language in inter vivos trusts to effectuate the intent of the grantors in light of the surrounding circumstances.  NationsBank v. Grandy, 248 Va. 557, 561, 450 S.E.2d 140, 143 (1994); Horne v. Horne, 181 Va. 685, 691, 26 S.E.2d 80, 83 (1943); Mills v. Embrey, 166 Va. 383, 385, 186 S.E. 47, 48 (1936).  As the trial court noted, the Jones Family Trusts contain no exclusionary language regarding the phrase "direct lineal descendant," and the parties introduced no evidence concerning the grantors' intent in using that phrase.

The trial court stated that its decision was guided by a presumption purportedly adopted by other jurisdictions that,

4

if beneficiaries in a class are to be identified over a period of time, the grantor intends that changes in the law subsequent to the execution of the trust be grafted onto provisions in the trust.  See Commerce Trust Co. v. Weed, 318 S.W.2d 289, 297-99 (Mo. 1958), Wheeling Dollar Savings & Trust Co. v. Hanes, 237 S.E.2d 499, 500-01 (W.Va. 1977).  Because the relevant law in Virginia has evolved since the time the Jones Family Trusts were executed and Code § 64.1-71.1 now provides that adopted children are presumptively included in the terms "descendants" or "issue," the trial court concluded that the term "direct lineal descendants" in the Jones Family Trusts includes adopted persons.

We disagree with the trial court.  The presumption of a grantor's intent that the trial court adopted has not been previously considered in this jurisdiction with regard to construction of trust language.  Such a presumption, however, clearly does not apply when construing language in a will.  We construe the language in a will as if the testator executed it immediately before death unless the will shows a contrary intent.  Code § 64.1-62; Yancey v. Scales, 244 Va. 300, 303, 421 S.E.2d 195, 196 (1992); Wildberger v. Cheek, 94 Va. 517, 520, 27 S.E. 441, 442 (1897).  Construing wills in this fashion recognizes that the interests of beneficiaries accrue at the testator's death and protects those interests.

5

Consistent with the rule of construction of wills, unless the language shows a contrary intent, the language of an inter vivos trust should be construed according to the law in effect at the time the trust is executed. Such a rule recognizes that the interests of the trust beneficiaries accrue when the trust is executed and protects those interests. Such a rule is also compelled by Code § 1-16, which mandates that "[n]o new law shall be construed . . . in any way whatever to affect . . . any right accrued, or claim arising before the new law takes effect." Accordingly, because the Jones Family Trusts exhibit no contrary intent, we will construe the phrase "direct lineal descendants" consistent with the law in effect at the time of the execution of the trusts.

At common law, adopted persons were not included within the term "issue," because that term was limited to the "natural descendants of a common ancestor," Munday v. Munday, 164 Va. 145, 150, 178 S.E. 917, 919, (1935), was synonymous with lineal descendant, and connoted a "common blood stream." Fletcher v. Flanary, 185 Va. 409, 415, 38 S.E.2d 433, 435 (1946).

Although the Jones Family Trusts use the phrase "direct lineal descendant" rather than "issue," nothing in that phrase suggests a meaning other than "descendants" or "issue," that is, those who are the natural descendants of a common ancestor

6

or who share a common blood stream. Under the common law, then, the grantor did not include adopted persons in the phrase "direct lineal descendants" unless such intent is clear from other parts of the document. See Langhorne v. Langhorne, 212 Va. 577, 578, 186 S.E.2d 50, 51 (1972).

The General Assembly abrogated the common law when it enacted Code § 64.1-71.1. That statute presumptively includes adopted persons in the terms "issue" and "descendants" when used in wills and trusts. By its own terms, however, Code § 64.1-71.1 does not apply to trusts executed before 1978. Thus, the statute does not alter the conclusion that, at the time of the creation of the Jones Family Trusts, the phrase "direct lineal descendants" did not include adopted persons.

The guardian ad litem argues,[1] however, that at the time the Jones Family Trusts were executed, former Code § 5533 placed adoptees in parity with natural descendants and that, absent specific limiting language in the Trusts, adoptees are entitled to the same rights as other direct lineal descendants.[2] This argument was explicitly rejected in 1935.

---

[1] The guardian ad litem for persons adopted by lineal descendants was the only appellee that filed a brief in this Court.

[2] Former Code § 5533 provided that an adopted child was "to all intents and purposes, the child and heir at law of the person so adopting him or her, . . . entitled to all the rights, and privileges . . . of a child of such person begotten in lawful wedlock." Code § 5333 (1924)(The 1930 Code carried forward the language from the Code of 1924. The

7

Despite the language of former Code § 5333, "an adopted child does not inherit from the ancestor of the adopting parent. . . . The only right of inheritance acquired by an adopted child . . . is that statutory right to inherit from its adopting parent." Munday, 164 Va. at 149, 178 S.E. at 918-19. See also Fletcher, 185 Va. at 414, 38 S.E.2d at 435. While former Code § 5333 may have granted an adopted child certain rights of inheritance as an "heir at law" of his or her adoptive parent, it did not grant that child the status of a "descendant" or "issue."

For the foregoing reasons, we will reverse that portion of the trial court's decree holding that "direct lineal descendants" as used in the Jones Family Trusts included adopted children.

                                    Reversed and final judgment.

JUSTICE AGEE, with whom JUSTICE KEENAN joins, concurring in part and dissenting in part.

I agree with Part II of the majority opinion and that the trial court's decree should be reversed. However, I write separately because I conclude the trial court did not have jurisdiction to address whether adopted children are members of the class of beneficiaries and would reverse on those

---

current version of this provision is found in Code § 63.2-1215.).

grounds.  Therefore, I respectfully dissent from Part I of the majority opinion.

> [A] general prayer will support relief only for those matters placed in controversy by the pleadings and, thus, any relief granted must be supported by allegations of material facts in the pleadings that will sustain such relief. This rule reflects the principle that although the power of an equity court is broad, that power does not permit a court to adjudicate claims that the parties have not asserted.

Jenkins v. Bay House Assocs., L.P., 266 Va. 39, 44–45, 581 S.E.2d 510, 513 (2003) (citations omitted).

The Trustees' bill of complaint exclusively pleads that a "question" had "arisen as to whether children who were born out of wedlock to the direct lineal descendants . . . also constitute direct lineal descendants within the classification of the beneficiaries of each of the respective Trusts."[*]  The Trustees then specifically and solely "petition this Court for advice and direction as to whether the children born out of wedlock shall be encompassed in that class of beneficiaries known as the 'direct lineal descendants' of each of the respective Trusts."  No issue regarding adoption is pled, mentioned or implied in the bill of complaint and the order of

---

[*] Neither McGehee, or any party below, objected to the trial court's adjudication concerning the rights of children born to direct lineal descendants through "assisted conception."  I therefore do not address an issue not raised by the parties.

9

publication contained no mention of adoption as a possible matter for adjudication by the trial court.

It is clear from the bill of complaint that no assertion was made regarding the status of adopted children. Accordingly, the generic and general terms of the prayer for relief within the bill of complaint cannot and do not open the door for matters not otherwise pled, such as the status of adopted children.  Id.

If a defendant-beneficiary wished to pursue an adjudication of the status of adopted children under the Trusts, chancery procedure required it be raised by cross-bill under Rule 2:13 or 2:14, or in a separate action.  The fact that Davis raised the issue of adoption in her answer does not confer jurisdiction upon the trial court to adjudicate that issue unless the trial court enters an order treating the answer as a cross-bill and requiring compliance with Rules 2:13 and 2:14.  Shevel's, Inc. v. Southeastern Assocs., Inc., 228 Va. 175, 184, 320 S.E.2d 339, 344 (1984).  No such order was entered in this case.

For these reasons, I would hold the trial court did not acquire jurisdiction to consider whether children adopted by direct lineal descendants are included as beneficiaries under the Trusts and I would reverse the trial court's judgment on that basis.