454

■■■■

# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Stroup

v.

Stroup et al.

November 16, 2004

Case No. (Chancery) CH04001947

■■■■

BY JUDGE LISA B. KEMLER

This matter came to be heard on the Petitioner's Motion for Summary Judgment or, in the Alternative, for Judgment on the Pleadings. The Respondent, Lois G. Pearson, filed an opposition and, after hearing arguments of counsel, the Court took the matter under advisement. Based on the Court's reading of the Last Will and Testament of Emily A. Neuhaus, consideration of the pertinent statutes and relevant case law, the Court has concluded that the Petitioner's motion for summary judgment should be granted based on the following.

## *The Will*

The Court read the entire will in an effort "to ascertain the general plan and purpose of the testator." *Trustees of Duncan Memorial Methodist Church v. J. Enos Ray, Administrator*, 195 Va. 803, 806, 80 S.E.2d 601 (1954), *see also Suntrust Bank v. Conner*, 21 Cir. CH0151 (Va. Cir. 2002) ("The law has always been that the intention of the testator is the guiding star of will construction and must control. Once a court ascertains the testator's intention from the words used, its 'quest is ended and all other rules become immaterial'." (Citations omitted.)

The provisions of the will that are important to the Court's ruling are Articles I, V, and VI. In Article I of the will, Ms. Neuhaus identifies that she has

a son who "is in grave physical and mental condition with a guarded prognosis." This Article further identifies her other legal heirs, her three grandchildren and her two great-grandchildren.

Article V of the will provides for specific bequests of $10 to each of her grandchildren and great-grandchildren. The purpose for which Ms. Neuhaus made these bequests in this amount is clear from the language of this provision which states: "it being my opinion that these grandchildren and great grandchildren have been otherwise well provided for."

Article VI, the residuary clause, provides, in part:

> All the rest, residue, and remainder of my property of every kind and description, and wherever located, including any lapsed or void legacy or devise, and any property over which I may have the power of disposition or appointment, I give, devise, and bequeath as follows. . . .

The balance of Article VI provides for the disposition of the residue of the estate assets by apportioning the residuary into four equal shares. The parties agree that only one of the four shares is at issue, the share that is left in trust to Sara Stroup for the benefit of Ms. Neuhaus' son. In keeping with Ms. Neuhaus' recognition in Article I that her son is in "grave physical and mental condition," paragraph 1 of Article VI provides that 25% of the residuary is to be left to Sara H. Stroup, as Trustee, to be held in Trust, for the benefit of Ms. Neuhaus' son, Ralph A. Graninger. Paragraphs 1(a) through (d) of Article VI provides for trust administration and disposal. Paragraph 1(b) directs that, in the event Ralph A. Graninger is deemed competent to transact ordinary business, then the Trustee is to distribute the remaining trust assets to Mr. Graninger. Paragraph 1(b) further directs that, if Mr. Graninger dies prior to a determination that he is so competent, then "the remainder of the trust, if any, shall be distributed" in equal shares to the remaining residuary beneficiaries.

Ms. Neuhaus executed her will on January 23, 1990. Ralph Graninger died on October 8, 1996, two and one-half years prior to the death of Ms. Neuhaus. The will does not specifically provide for what is to happen in the event that Ralph Graninger predeceases Mrs. Neuhaus.

## Analysis

The question before the Court is whether the share of the residuary estate that was left in trust for Ralph Graninger is to be shared proportionately among

the remaining residuary beneficiaries or whether it lapsed or failed at the death of Ralph Graninger and, under Va. Code § 64.1-64.1, passes to the intestate heirs.

The Court agrees with the Petitioner that the intention of Ms. Neuhaus can be discerned from the plain language of the will. First, it was her intention, as set forth in Article V to specifically bequeath $10 to each of her grandchildren and great-grandchildren because they had already been well provided for and not because they would be provided for due to some event in the future. Second, Ms. Neuhaus intended for the entire residuary to be divided into four equal shares and left to specific, named residuary beneficiaries as set forth in Article VI. Though the will contains directions as to the administration of the 25% share that is to be kept in trust for Mr. Graninger's benefit and how that trust share should be disposed of in the event he died prior to a determination being made that he was competent to handle ordinary business affairs, the will does not specifically detail how the trust share should be disposed of in the event he predeceased Ms. Neuhaus. The Court, however, finds that it defies logic that Ms. Neuhaus would have intended for the trust share to be distributed among the other residuary beneficiaries if Ralph Graninger died after she died and before he was deemed competent, but would have intended for the trust share to pass to the intestate heirs, her grandchildren and great-grandchildren, if Mr. Graninger predeceased his mother.

The Court bases this conclusion on three observations. First, Ms. Neuhaus made specific bequeaths to her grandchildren and great-grandchildren and expressed a clear purpose for making such bequeaths. Second, it appears clear from the plain and detailed language of the opening paragraph of Article VI which includes the language, "including any lapsed or void legacy or devise," that Ms. Neuhaus intended to dispose of the entire residuary estate and intended to avoid application of the antilapse statute, Va. Code § 64.1-64.1. Finally, Ms. Neuhaus specifically directed in paragraph 1(b) of Article VI how the trust share should be disposed of in the event Ralph Graninger died before a determination was made that he was competent. For all of these reasons, the Court concludes that Ms. Neuhaus intended to completely dispose of the residue of her estate.

This finding is supported by the case law, which indicates a strong policy against intestacy. *See Owens v. Bank of Glade Spring, Executor*, 195 Va. 1138, 1143, 81 S.E.2d 565 (1954) ("The law does not favor intestacy."). In *Baptist Home for Aged Women v. Joe T. Mizell, Jr., Administrator*, 197 Va. 399, 404, 89 S.E.2d 332 (1955), the Court stated:

The making of a will raises a very strong presumption against intention on the part of the testator to leave part of his estate out its operation. *Jones v. Brown*, 151 Va. 622, 627, 144 S.E. 620, 621. Ordinarily, the only reason the testator has for making a will is to change the devolution of his property from that prescribed by the statutes of descent and distribution. There is accordingly strong presumption that the testator intended to dispose of his entire estate, and courts are decidedly averse to adopting a construction which leaves a testator intestate as to a portion of his estate, unless compelled to do so. *McCabe v. Cary's Ex'r*, 135 Va. 428, 433, 116 S.E. 485, 487; *Bradshaw v. Bangley*, 194 Va. 794, 801, 75 S.E.2d 609, 613; *Arnold v. Groobey, supra*, 195 Va. 214, 224, 77 S.E.2d 382, 387.

In *Owens*, the residuary clause stated in part, "[t]he balance of my estate bonds, notes, and real estate to go to. . . ." 195 Va. at 1140. With regard to this clause, the Court stated: "Here it is clearly manifest that the testator undertook to dispose of his entire estate. The word "balance," as employed by the testator, imports the meaning of 'residue.' It means all that which is left or remains after prior effectual disposal, and includes as well that which from any cause lapses or is void." *Id.* at 1143. In the case before the Court, Ms. Neuhaus' intention to dispose of her entire estate is even clearer than that of the testator in *Owens* in that, here, the residuary clause not only refers to the "rest, residue, and remainder" of her property, but specifically includes "any lapsed or void legacy or devise." *See also, Yancey v. Scales*, 244 Va. 300, 303, 421 S.E.2d 195 (1992) (finding the will did not state that the testatrix "was disposing of the remainder of her property or estate," the presumption "against intestacy and in favor of a residuary distribution" did not apply).