PRESENT:  All the Justices

DAVID VON SCHILLING
                                    OPINION BY
v.   Record No. 091055      JUSTICE WILLIAM C. MIMS
                                    June 10, 2010
ROBERT H. SCHILLING, ET AL.

          FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                      Louis R. Lerner, Judge

     In this appeal, we consider whether Code § 64.1-49.1,

effective on July 1, 2007, applies to a writing made in 2005

but not offered for probate as a holographic will until after

the maker's death in September 2008.

          I.   BACKGROUND AND MATERIAL PROCEEDINGS BELOW

     The circuit court decided this case on demurrer.  When an

issue has been decided on demurrer, we accept as true the facts

alleged in the pleadings by the plaintiff, who is entitled to

the benefit of all reasonable inferences that may be drawn from

them.  Hamlet v. Hayes, 273 Va. 437, 439, 641 S.E.2d 115, 116

(2007).  Accordingly, we draw our facts here from the

allegations made by David Von Schilling as the plaintiff below.

     On November 22, 2005, Ora Lee Schilling ("Schilling") made

a writing ("the Writing") purporting to devise her entire

estate to David Von Schilling ("David"), her son.  The Writing

consists entirely of the following words:

                    LAST WILL AND TESTAMENT
                              OF
                      ORA LEE SCHILLING
                    40 PACIFIC HAMPTON VA

> All this to be my last will and testament.
> Money in my Bank accoun[t]s and a Condo at 40
> Pacific Dr., Hampton, VA and all of my
> Belongings, I bequeath to my son David Von
> Schilling.

The Writing was handwritten, signed and dated by Schilling, and acknowledged before a notary public.

Schilling died on September 23, 2008. David offered the Writing for probate as a holographic will but the clerk refused to admit it. Instead, the clerk admitted a holographic will dated March 20, 1984.[1]

David filed a petition in the circuit court to establish the Writing as a subsequent, superseding holographic will. In the petition, David stated that he wrote the words "40 Pacific Dr., Hampton, VA" and "I bequeath to" at Schilling's request. The remainder of the Writing is in Schilling's hand.

David's siblings filed a demurrer arguing that the Writing was insufficient to be a valid holographic will under Code § 64.1-49. They also argued that because Code § 64.1-49.1 took effect after the Writing was made, application of that statute would be retroactive and therefore improper. The circuit court ruled that the application of Code § 64.1-49.1 would be retroactive and declined to do so. The court sustained the demurrer and dismissed David's petition. We awarded David this appeal.

---

[1] David does not dispute the validity of this will.

## II. ANALYSIS

"A demurrer tests the legal sufficiency of facts alleged in pleadings, not the strength of proof. . . . Because the decision whether to grant a demurrer involves issues of law, we review the circuit court's judgment de novo." Augusta Mut. Ins. Co. v. Mason, 274 Va. 199, 204, 645 S.E.2d 290, 293 (2007) (internal citations and quotation marks omitted).

Code § 64.1-49.1 took effect on July 1, 2007, after the Writing was made but before Schilling died. 2007 Acts ch. 538. The statute provides that:

> Although a document, or a writing added upon a document, was not executed in compliance with § 64.1-49 the document or writing shall be treated as if it had been executed in compliance with § 64.1-49 if the proponent of the document or writing establishes by clear and convincing evidence that the decedent intended the document or writing to constitute (i) the decedent's will, (ii) a partial or complete revocation of the will, (iii) an addition to or an alteration of the will, or (iv) a partial or complete revival of his formerly revoked will or of a formerly revoked portion of the will.
>
> The remedy granted by this section (i) may not be used to excuse compliance with any requirement for a testator's signature, except in circumstances where two persons mistakenly sign each other's will, or a person signs the self-proving certificate to a will instead of signing the will itself and (ii) is available only in proceedings brought in a circuit court under the appropriate provisions of this title, filed within one year from the decedent's date of death and in which all interested persons are made parties.

3

Code § 64.1-49.1.

In general, "retroactive laws are not favored[;] a statute is always construed to operate prospectively unless a contrary legislative intent is manifest."  Berner v. Mills, 265 Va. 408, 413, 579 S.E.2d 159, 161 (2003); Adams v. Alliant Techsystems, Inc., 261 Va. 594, 599, 544 S.E.2d 354, 356 (2001) (quoting Duffy v. Hartsock, 187 Va. 406, 419, 46 S.E.2d 570, 576 (1948)) (internal quotation marks omitted).  However, "[a] will is an ambulatory instrument, not intended or allowed to take effect until the death of the maker. . . .  While he lives his written will has no life or force, and is not operative or effective for any purpose."  Timberlake v. State-Planters Bank of Commerce & Trusts, 201 Va. 950, 957, 115 S.E.2d 39, 44 (1960).  "The death of the maker for the first time establishes the character of the instrument."  Spinks v. Rice, 187 Va. 730, 740, 47 S.E.2d 424, 429 (1948) (quotation marks omitted).  Thus, a determination whether a writing offered for probate is a valid will applies the law in effect on the date of the maker's death.[2]  In this case, this is not a retroactive application of Code § 64.1-49.1.

_____

[2] While this case concerns whether the writing offered for probate actually is a valid will, "[w]e construe the language in a will as if the testator executed it immediately before death unless the will shows a contrary intent."  McGehee v. Edwards, 268 Va. 15, 19, 597 S.E.2d 99, 102 (2004) (emphasis added) (citing Code § 64.1-62; Yancey v. Scales, 244 Va. 300,

4

Accordingly, the circuit court erred in sustaining the siblings' demurrer and dismissing the petition.  We will therefore reverse the judgment and remand for further proceedings to determine whether David can adduce sufficient evidence to establish that the Writing constitutes a valid will under the law in effect at the time of Schilling's death.

Reversed and remanded.

---

303, 421 S.E.2d 195, 196 (1992); Wildberger v. Cheek, 94 Va. 517, 520, 27 S.E. 441, 442 (1897)).